## Northampton Borough's Appeal.

Argued April 27, 1942.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, RHODES, HIRT and KENWORTHEY, JJ.

*Irving W. Coleman,* for appellant.

*Francis Johns Gafford,* with him *Edgar C. Nagle* and *Calvin F. Smith,* for appellee.

OPINION BY KELLER, P. J., July 23, 1942:

The purpose of a validating statute is to cure *past* errors, omissions and neglects, and thus to make valid what, before its enactment, was invalid. It grants no 'indulgence' for the correction of *future* errors and neglects. Similarly a statute authorizing the *reinstate-*

*ment* of liens and judgments on tax and municipal claims, *which had lost their lien,*—being in the nature of a validating act—must be restricted to claims and judgments which had *lost their lien* at the date the act took effect; it cannot be extended to claims and judgments whose liens are thereafter lost by inaction and neglect.

Applying this principle to the present case, the Act of April 11, 1939, P. L. 24, could have no effect on the lien of the judgment on the municipal claim here involved.

The Act of April 11, 1939, P. L. 24, by its terms, is limited to cases where a city, borough, etc. *"has heretofore* filed any tax or municipal claim, and *has not within the period of five years thereafter* sued out a writ of scire facias, ...... or *has not within the period of five years after the date on which judgment was entered* or last revived, ...... sued out a writ of scire facias to revive the same,"* etc. It enacts that, "then, *in any such case,* any such city, borough, ...... may within six months after the passage and approval of this act; issue its praecipe for a writ of scire facias, and proceed to judgment, ...... Provided, however, that the lien of any such claim or judgment shall not *reattach* against any real estate transferred to any purchaser during the time when the lien of any such tax or municipal claim or judgment was lost", etc. It relates solely to the revival and reinstatement or reattachment of liens and judgments on tax and municipal claims, which had lost their lien when the act was passed.

On June 17, 1929 the Borough of Northampton filed its municipal claim to No. 13,623 June Term 1929, against a lot of land in said borough owned by Henry A. Miller, for $1721.77, for the construction, etc., of a sewer.

On June 2, 1934 the borough revived the lien by filing an amicable action and confession of judgment thereon

against the said owner, to No. 23,057 April Term 1934, for $2254.24. This revived and kept the lien alive and in force until June 2, 1939; so that when the Act of April 11, 1939, supra, took effect, (which was immediately on its passage), the judgment by confession on the amicable revival was in full force and effect, and continued so for one month and twenty days thereafter; and the lien was then lost by the neglect of the borough authorities to issue a scire facias during that period. The Act of 1939, therefore, had no effect on the lien of this judgment.

On July 25, 1939, Henry A. Miller and wife granted and conveyed the land in question to their son, R. Kline Miller, the appellee, in fee simple, by deed of that date, duly recorded the next day, in Deed Book A, Vol. 70, page 333, etc. It will be noted that this conveyance was made after the above judgment lien had expired; so that the Act of April 16, 1849 (sec. 8), P. L. 664, does not apply: *Miller Bros. v. Boyotz,* 96 Pa. Superior Ct. 208.

On August 7, 1939 the borough attempted to revive the lien against said lot of land by filing a suggestion of non-payment and default against Henry A. Miller, the former record owner of the property.

On May 19, 1941, the appellee, R. Kline Miller, presented his petition in the court below for a rule on the said borough to show cause why the said lien should not be stricken from the record—reciting, inter alia, the facts above stated. The court granted the rule and subsequently, on March 2, 1942, made it absolute. The borough appealed.

While we are of opinion that the appellee was a *purchaser* within the meaning of the proviso of the validating Act of 1939, supra, (the statute does not require that he be a *purchaser for value*—'purchaser' embraces any one except an *heir,* who takes by descent), we rule the case in favor of the appellee on the broad ground first abovementioned, that the Act of 1939 did

not apply and could not be used to reinstate a judgment lien which was in full force and effect and needed no reinstatement, or "reattachment", or validation, when the act was passed and became effective. See, along the same line, *Fidelity Trust Co. v. Kirk,* 344 Pa. 455, 457, 25 A. 2d 825. The lien was lost by the *subsequent* neglect and inaction of the borough.

Order affirmed at the costs of appellant.