George B. LINDLER, Appellant,

v.

George F. McCLURE, Appellee.

No. 6045.

Court of Civil Appeals of Texas.

Beaumont.

June 28, 1956.

Eugene Chambers, Houston, for appellant.

Clyde Meyer, Houston, for appellee.

R. L. MURRAY, Chief Justice.

This is an appeal by George B. Lindler, appellant, from a judgment against him and in favor of George F. McClure, appellee, in the County Court at Law No. 2 of Harris County.

Lindler sued McClure on a note and chattel mortgage on a Willys automobile. He alleged that the mortgage and note were executed by Antonieta McClure, who at the time of execution was McClure's wife, and that she did so with the consent of McClure. He also alleged that George F. McClure and Antonieta McClure were divorced by judgment in the district court of Harris County and that in the judgment of divorce the court, with the consent and agreement of both parties, divided the community property and awarded to McClure the Willys automobile, decreeing that McClure would pay all existing indebtedness and liens against said automobile. He alleged also that appellee McClure became bound to pay to him the note and satisfy the mortgage by the entry of the consent judgment of divorce.

In his answer appellee McClure denied that he ever executed any note or lien or mortgage in favor of Lindler on the Willys automobile nor had he authorized anyone else to do so for him, and alleged that if any such instrument in writing existed purporting to obligate him thereon, the same was made without his knowledge or consent and that he had never ratified or confirmed the same; that he knew of no indebtedness against the automobile; that the only indebtedness against such automobile that he knew of was the note and chattel mortgage for the purchase price of the car in favor of Commercial Credit Corporation of New York, which he himself paid off and discharged in March, 1954. (McClure's note and mortgage is dated October 20, 1953 and the divorce decree was entered April 20, 1954.) The above allegations are contained in the appellee's amended original answer filed October 13, 1954. There also appears in the transcript another "amended

original answer", which contained a general denial and also says that "defendant adopts the allegations contained in his original answer heretofore filed."

The case was tried to a jury and at the conclusion of the testimony the appellant made a verbal motion for instructed verdict. The parties by a stipulation in writing filed in the papers of the case a stipulation that such motion was made, on the ground that the evidence showed that the appellant had a lien on the automobile duly recorded by the Texas Highway Department on the certificate of title, and that in the judgment of divorce appellee McClure agreed to pay any and all debts that were against any property he received under such judgment. The court overruled the motion.

The court in its charge submitted two special issues to the jury. Issue No. 1 inquired whether at the time of the entry of the judgment of divorce McClure had knowledge of an existing indebtedness, if any, on the Willys automobile. The jury in its verdict answered this issue "We do not". Special Issue No. 2 was submitted conditionally upon the jury's having answered Issue No. 1 "We do", and therefore this issue was not answered by the jury.

No objections were made to the court's charge. The appellant made no request for the submission of any additional issues to the jury.

On the jury's verdict the court entered judgment that the appellant take nothing by his suit against the appellee.

The appellant brings his appeal under one point of error in which he contends "that the court erred in overruling his motion for instructed verdict for the reason that the amount of the debt and existence of a lien was stipulated to by and between plaintiff and defendant, therefore plaintiff was entitled to judgment as a matter of law." In the beginning we note that the parties stipulated that "the amount of money in controversy here is in the sum of $900." There

is no stipulation as to the existence of a lien on the car.

We believe that the evidence amply warranted the action of the trial court in overruling the motion for instructed verdict. McClure was a seaman and because of his vocation he was at sea and out of Harris County, the residence of himself and his wife while they were married. She transacted a great deal of the business of herself and her husband. McClure bought the Willys car in New York and gave a note and chattel mortgage for the purchase price. He paid this off by monthly payments in February, 1954, and so far as he knew there was no lien on the car after that. They brought the car to Texas and when he was aboard his ship his then wife brought him some papers to sign which contained application for Texas license plates and he signed a blank application to the Texas Highway Department only for that purpose. He never executed any papers in favor of the appellant, giving him a lien or debt against the automobile, nor did he authorize Mrs. McClure or any other person to do so. Had he known of the existence of the purported lien in favor of the appellant he would not have made the property settlement with Mrs. McClure which he did make and agree to in the divorce judgment.

The only question of law which seems to be before us in this appeal is the determination of the extent to which McClure was bound by the provisions in the divorce judgment, whereby he was bound to pay off and discharge any liens existing against the automobile. The agreed judgment as to the property division was in the nature of a binding contract on all parties thereto. The appellant was not a party to this suit but since he maintains that this contract was made for his benefit, in order to recover on such a proposition of law he is under the burden to show by evidence that such contract was made for his benefit, and that McClure intended that it should be for appellant's benefit. The intentions

of the parties to such a contract are of controlling importance. Cooley v. Cash, Tex.Civ.App., 207 S.W.2d 436; Casey v. Watts, Tex.Civ.App., 130 S.W.2d 396; Burke v. Scott, Tex.Civ.App., 237 S.W.2d 655; Bryant v. McMurrey, Tex.Civ.App., 246 S.W.2d 249. From the jury's findings and its verdict it is clear that appellee McClure had no intention when he agreed to the judgment of divorce containing the property division that he was agreeing to pay any sum of money for the benefit of the appellant here, or for the benefit of anyone who might be claiming a lien against the car.

■■ The trial court submitted no issues on the question of whether the appellant had a valid chattel mortgage lien against the Willys automobile. The evidence is clear that the only note and mortgage appellant had in this matter was one executed by Mrs. McClure without authorization by McClure, the appellee. If there was any evidence to the contrary, then the burden would have been upon the appellant to request issues in the court's charge, inquiring into such facts and to secure a favorable finding thereon. Under Rule 272, Texas Rules of Civil Procedure, the appellant waived any complaints he may have had as to the failure of the court to submit such additional issues to the jury. We think that here he went to the jury on the contested fact issue as to whether appellee McClure had the intention of contracting for the appellant's benefit in the agreed portions of the property settlement in the divorce decree. The jury resolved these issues against him and we think the evidence supports the jury's finding.

We find no error in the judgment of the trial court, and it is affirmed.