## Penn Township Sewage Authority v. Bucar

*Morrison A. Lewis, Jr.,* for plaintiff.
*Scales and Shaw,* for defendant.

LOUGHRAN, *J.*, April 18, 1980—Penn Township Sewage Authority (hereinafter referred to as Penn) on February 10, 1961 filed a municipal lien against the defendants' real estate for front footage assessment of a sewer line. Three suggestions and averments of default were filed in an attempt to continue the lien. The first was filed on February 25, 1966, the second on March 9, 1971 and the third on March 8, 1976. The parties do not dispute that a lien can be revived by issuance of scire facias or suggestion and averment of default within five years of the date of filing and the revival would continue for another five years from the filing of the revival.

One of the defendants, John R. Bucar, by petition to strike filed August 10, 1975, contends that the lien is invalid as the first revival was filed 15 days beyond the original date of filing and the second revival is invalid as it was filed beyond the five years' filing date of the first revival. Plaintiff, Penn, responds that the late filings were validated by various acts of assembly as the defendants failed to petition to strike before the effective date of validation acts and as the defendant, John R. Bucar, is not a bona fide purchaser. This court must agree with the plaintiff.

The validation of the first late revival was made by the Act of July 22, 1969, P.L. 176, 53 P.S. §7453. Validation of the second late revival was made by an amendment thereto, Act of July 25, 1973, P.L. 213, 53 P.S. §7453, eff. September 24, 1973. (See discussion contained in Hecht, Pennsylvania Municipal Claims and Tax Liens, Chapters 16 and 17.) The validation acts cure past errors and reinstate liens that had lost their lien at the date the act took effect: Northampton Borough's Appeal, 149 Pa. Superior Ct. 142, 28 A. 2d 257 (1942).

Therefore, at the time the defendant's petition was filed, August 10, 1975, the revival of March 9, 1971 was validated on September 24, 1973 and was an effective lien until March 9, 1976. Upon the timely revival of March 8, 1976 the lien was continued to March 8, 1981. Further, as petitioner was one of the defendants he cannot qualify as a bona fide purchaser to exclude himself from the effect of the validations. As the lien was a valid and effective lien on the date petitioner filed his petition, the petition must be dismissed.