Mary M. ORSINI *v.* COMMERCIAL NATIONAL BANK,
Guardian of the Estate of Stacy Renee ORSINI et al

CA 82-23                                    639 S.W.2d 516

Court of Appeals of Arkansas
Opinion delivered September 29, 1982
[Rehearing denied October 27, 1982.]

*Thurman & Capps, Ltd.,* by: *Rita W. Gruber,* for appellant.

*Wallace, Hilburn, Clayton, Calhoon & Forster, Ltd.,* by: *Robert L. Roddey* and *Paula J. Jamell,* for appellee, Commercial National Bank; and *Davidson, Horne, Hollingsworth & Arnold,* for appellee, Union Life Insurance Co.

MELVIN MAYFIELD, Chief Judge. In May of 1974, a divorce decree was entered in Pulaski Chancery Court between Ronald Orsini and Mary Linda Orsini. The decree contained this provision:

> Husband agrees to maintain life insurance upon his life with the minor child, Stacy Renee Orsini, as the named beneficiary, in the approximate sum of Fifty Thousand Dollars ($50,000.00).

At that time there were two $25,000.00 policies on Ron Orsini's life and the beneficiary of each policy was Stacy Orsini, the minor daughter of Ron and Mary Linda. By March of 1981, when Ron Orsini died as a result of a homicide, the beneficiary of each policy had been changed to Mary M. Orsini, whom Ron married in 1976. A suit was filed by Commercial National Bank, Guardian of the Estate of Stacy Renee Orsini, to collect the proceeds of the policies; the insurance company paid the money into the registry of the court; and Mary M. Orsini filed an answer to the guardian's suit alleging that the funds held by the court should be paid to her as the named beneficiary of the policies.

The trial court found in favor of the guardian on the basis that Stacy was a third-party beneficiary of the property settlement agreement incorporated into her parents' divorce decree and as such received a vested interest in the proceeds of the policies. The court also held that the beneficiary change was in violation of the agreement and decree; that it constituted a breach of Ron's fiduciary relationship to Stacy; and that a constructive trust should be impressed upon the proceeds of the policies.

Appellant Mary M. Orsini cites *Dinwiddie* v. *Metropolitan Life Insurance Co.,* 204 Ark. 677, 163 S.W.2d 525 (1942), and other cases, and argues that where a policy authorizes the insured to change the beneficiary, the beneficiary has no vested interest in the proceeds of the policy during the life of the insured. She says 5 Couch, *Cyclopedia of Insurance Law* § 28:41 (2 ed. 1960) states that it is only where the divorce decree requires an irrevocable beneficiary designation that the beneficiary cannot be changed. She also points out that the provision in the divorce decree in this case does not specifically identify any insurance policy or company and indicates only an approximate amount of insurance; and she contends *Allen* v. *First National Bank of Ft. Smith,* 261 Ark. 230, 547 S.W.2d 118 (1977), and *Walden* v. *McCollum,* 172 Ark. 291, 288 S.W. 386 (1926), require a holding that there is a lack of specificity necessary to create a vested interest in the proceeds of the policies here involved. While the appellant concedes there might be a cause of action against Ron Orsini's estate for breach of contract, she claims that Stacy has no interest in the insurance proceeds which allows them to be paid directly to her guardian.

The guardian admits that, as a general rule, a beneficiary does not have a vested interest in the insurance proceeds where the policy authorizes the insured to change the beneficiary, but says circumstances may arise which would establish an equitable interest in the proceeds. In support of that statement the guardian cites *Reilly* v. *Henry,* 187 Ark. 420, 60 S.W.2d 1023 (1933), which quotes with approval from *Shoudy* v. *Shoudy,* 55 Cal. App. 344, 203 P. 433 (1921), which held that a husband's agreement to maintain a policy for his first wife as long as she remained single, gave her an equitable interest of which she could not be divested by the mere changing of the name of the beneficiary of the policy.

Other cases cited by the guardian impose a constructive trust on the insurance proceeds in situations like the one involved in the case at bar.

For example, *Richards* v. *Richards,* 58 Wis.2d 290, 206 N.W.2d 134 (1973), is a case where the insured, contrary to a

divorce decree, made his second wife the beneficiary of his policy instead of his children by his first wife. The court held that the children were "equitably entitled to the proceeds of the insurance policy and that a constructive trust should be imposed on the proceeds for their benefit." The trust was imposed even though the second wife was not guilty of fraud "positive or constructive." The court said:

> Accordingly, we conclude that Jack Richards' wrongful conduct, in violation of the divorce decree, furnishes a proper foundation for the impressing of a constructive trust upon the insurance proceeds which may be followed and recovered from Patricia Richards, who was not a bona fide purchaser.

In *Gutierrez* v. *Madero,* 564 S.W.2d 185 (Tex. Civ. App. 1978), the court imposed a constructive trust on the proceeds of an insurance policy where the beneficiary was changed to the husband's mother, contrary to a divorce decree which provided that he would keep "in full force and effect the present policy of life insurance with the Veterans Administration" for the benefit of his minor children. The court said:

> In the present case, Mary Madero was the recipient of the insurance proceeds due to the wrongful beneficiary designation by Rudy Gutierrez. Her rights as a gratuitous transferee are inferior to the equitable rights of the minor children. It would be unjust to allow Mary Madero to benefit from the wrongdoing of Rudy Gutierrez at the expense of the children's rights under the divorce decree. The provisions of the divorce decree should control the disposition of the proceeds of an insurance policy between these contending beneficiaries.
>
> . . . .
>
> Equity regards as done that which ought to have been done. The imposition of a constructive trust on the insurance proceeds for the benefit of the minor children is necessary to place the parties in the position

they would be in had Rudy Gutierrez not violated the divorce decree.

The appellant argues that the guardian has not established a breach of a "confidential or fiduciary duty or unconscionable conduct on the part of the appellant," but, as *Simonds* v. *Simonds*, 45 N.Y.2d 233, 380 N.E.2d 189 (1978), said, one of the purposes of a constructive trust is to prevent unjust enrichment; and the court added, "Unjust enrichment, however, does not require the performance of any wrongful act by the one enriched. . . . Innocent parties may frequently be unjustly enriched."

We hold in this case that the property settlement agreement and its incorporation into the divorce decree constitute sufficient evidence to support the finding that Stacy was a third-party beneficiary of the agreement. *Howell* v. *Worth James Construction Co.*, 259 Ark. 627, 535 S.W.2d 826 (1976).

We also hold that the language in the agreement and decree was specific enough for the trial court to find, under all the facts and circumstances in evidence, that the two policies here involved were intended to be maintained with Stacy as the named beneficiary. *Lock* v. *Lock*, 8 Ariz. App. 138, 444 P.2d 163 (1968).

And we hold that the law and evidence justified the chancellor in impressing a constructive trust on the proceeds of the insurance policies to prevent unjust enrichment from resulting because of Ron Orsini's failure to keep Stacy as the named beneficiary.

Affirmed.

GLAZE, J., not participating.