160

Marvin G. JOHNSON and Barbara Johnson *v.*
SOUTHERN ELECTRIC, INC.

CA 89-95                                         779 S.W.2d 190

Court of Appeals of Arkansas
Division I
Opinion delivered November 8, 1989

*Streett & Kennedy*, by: *Alex G. Streett*, for appellant.

*Jon R. Sanford*, for appellee.

GEORGE K. CRACRAFT, Judge. Marvin and Barbara Johnson appeal from a chancery court order enforcing a materialmen's lien on their property in favor of Southern Electric, Inc. They contend that the chancellor's findings are clearly against the preponderance of the evidence and that his conclusions based thereon are erroneous. We agree and reverse.

In 1987, appellants undertook the construction of a multi-building project to be known as "North Park Plaza." The first building was constructed by Morton Buildings, Incorporated, for which Ron Milburn acted as chief supervisor. Milburn, although not licensed as a contractor under Ark. Code Ann. § 17-22-101 et seq. (1987), was familiar with the construction industry, having acted as general contractor and in a supervisory capacity on a number of construction projects. When appellants undertook to erect the second structure, Milburn agreed to individually "contract" the project at a cost of $49,700.00 plus his fee of $4,500.00. In the course of the construction, Milburn subcontracted some of the work to AAA Contractors, Inc. Appellee, Southern Electric, Inc., delivered materials on orders from AAA for use in appellants' building. Before the materials were supplied, appellants were not given notice that a lien could be impressed upon their property if materialmen went unpaid. *See* Ark. Code Ann. § 18-44-115 (1987). Materials with a value of $6,768.16, delivered by Southern Electric, were not paid for. Within the time permitted

by law, Southern Electric brought this action to enforce a materialmen's lien, naming AAA Contractors, Inc.,[1] and appellants as defendants. Milburn was not made a party.

Appellants answered, denying that they were indebted to appellee in any amount. They also alleged that appellee was not entitled to a lien because appellants had not been served with the statutory notice required by Ark. Code Ann. § 18-44-115 (1987). Appellants further alleged that Milburn was a contractor and had not been made a party to the action as required by Ark. Code Ann. § 18-44-124 (1987), and they moved to dismiss the action on that ground.

Appellants' motion to dismiss for appellee's failure to make Milburn a party to the action was denied on a finding that Milburn was "not acting as a contractor, but was operating in a supervisory capacity." After a subsequent hearing on the merits, the chancellor reaffirmed his previous finding that Milburn was not a contractor and, as such, was not a necessary party defendant to the action. He also found that the notice requirement of Ark. Code Ann. § 18-44-115 was inapplicable because the construction in question was commercial in nature. The chancellor then impressed a lien on appellants' property and ordered the property sold to satisfy the lien.

On appeal, appellants argue two points: (1) the trial court erred in finding that Milburn was not a contractor and, therefore, not a necessary party; and (2) the trial court erred in holding that the notice requirements of Ark. Code Ann. § 18-44-115 (1987) did not apply. We find sufficient merit in the first of these contentions to require reversal, and, therefore, we do not reach the second.

Arkansas Code Annotated § 18-44-101 et seq. (1987) provides that persons furnishing materials for improvements to and upon land, under a contract with the owner or his agent, shall, upon complying with subsequent provisions of that act, be entitled to a lien upon the building and the land upon which it is situated. Arkansas Code Annotated § 18-44-124

---

[1] No judgment was entered against AAA Contractors, Inc., because it had sought Chapter 7 relief in the bankruptcy court.

(1987) provides, that, in all cases where a lien is filed by any person other than a contractor, it shall be the duty of the contractor to defend the action at his own expense.

The facts with regard to Milburn's status were not disputed. Appellant Marvin Johnson testified that he hired Ron Milburn to be his "general contractor, to buy this building, and put the whole thing together for me. I had an agreement with Mr. Milburn that he would bring in the building at $54,200.00, including his fee, and he, in fact, did this. If the building had come in over this price, I would have been looking to Ron Milburn to pay it." Appellants did not hire anyone, negotiate with any subcontractors, or order any materials. They had no dealings with Southern Electric, Inc., and were not even aware that Southern Electric, Inc., had furnished materials for the building. All invoices were sent to Milburn, who approved them and took them to appellants for payment. Appellant Marvin Johnson testified: "I know that I contracted with Mr. Ron Milburn to be my general contractor . . . . It would be fair to say that I had a certain project with certain dimensions, certain size, some cost limitations, and Ron Milburn agreed to build it for a set fee. That is what a general contractor does."

Ron Milburn testified that he had been hired to be appellants' general contractor. He agreed to complete the project for the sum of $49,700.00, and a fee of $4,500.00. He testified that the total contract price was to be $54,200.00 and that appellant had paid him that amount plus some extras that were not in issue. Milburn testified that his duties were to hire the workers, supervise the job, and make sure it was done properly. He was the only person who did any of the hiring and firing. He had instructed appellants as to what they should and should not do during the course of the project, and not to get involved because "I didn't want a bunch of change orders I didn't understand. I didn't want him to make an agreement that I was not aware of and then come back to me and say that I didn't do the job." Throughout his testimony, Milburn referred to himself as "general contractor for Mr. Johnson," and that he had engaged AAA for its part of the work on the project. Milburn also had no knowledge that Southern Electric was supplying any materials for the construction.

Harold Delaney, the owner of AAA, testified that he did not have any contact with appellants. He directed all of his questions and received all of his instructions regarding the job to Milburn. Steve Thompson, Southern Electric's branch manager, testified that all invoices from his company were billed to AAA and the purchases were made by an employee of AAA.

■■ Appellants contend that the chancellor clearly erred in finding on this evidence that Milburn was acting merely in a supervisory capacity, apparently as the agent of appellants, and not as a contractor within the meaning of Ark. Code Ann. § 18-44-124 (1987). On appeal, chancery cases are tried *de novo* on the record. However, we will not reverse the findings of the chancellor unless they are clearly erroneous, or clearly against the preponderance of the evidence. A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed. *RAD-Razorback Limited Partnership* v. *B.G. Coney Co.*, 289 Ark. 550, 713 S.W.2d 462 (1986). Here, after giving due deference to the superior position of the chancellor, we conclude that the finding that Milburn was not acting as a contractor is clearly erroneous.

■ Arkansas Code Annotated § 18-44-124 (1987), requiring that the contractor be a party to the action, does not define the term contractor. However, in *Davidson* v. *Smith*, 258 Ark. 969, 530 S.W.2d 356 (1975), the supreme court cited with approval the general definition of a contractor found in 17 C.J.S. *Contracts* § 11 (1963). The court adopted the definition of a contractor as "a party who contracts or covenants to construct works or erect buildings, perform work or supply articles at a certain price or rate usually for a specific improvement under a contract with an owner." *Davidson*, 258 Ark. at 972-73, 530 S.W.2d at 358.

■ On the other hand, our courts define the relation of agency as the result of conduct by two parties manifesting that one of them is willing for the other to act for him, subject to his control, and that the other consents to so act. The principal must in some manner indicate that the agent is to act for him and the agent must act, or agree to act, on the principal's behalf and subject to his control. The two essential elements of the definition are authorization and right to control. *Evans* v. *White*, 284 Ark.

376, 682 S.W.2d 733 (1985).

■ Here, it is clear from the record that appellants had no right to control Milburn's actions and did not attempt to do so. To the contrary, Milburn's testimony made it clear that part of his agreement with appellants was that he not be subject to any control and that he be free to conduct the project as he saw fit. From our *de novo* review of the record, we must conclude that the chancellor's finding that Milburn acted merely as an agent and not as a contractor is clearly erroneous.

■ Our supreme court has consistently held that Ark. Code Ann. § 18-44-124 (1987) means that in suits to foreclose materialmen's liens the contractor is a necessary party and must be made a party within the period provided in the act for enforcement of such liens. Failure to do so results in dismissal of the lien action. *Rasmussen* v. *Reed*, 255 Ark. 1064, 505 S.W.2d 222 (1974); *People's Building & Loan Association* v. *Leslie Lumber Co.*, 183 Ark. 800, 38 S.W.2d 759 (1931); *Cruce* v. *Mitchell*, 122 Ark. 141, 182 S.W. 530 (1916); *Simpson* v. *J.W. Black Lumber Co.*, 114 Ark. 464, 172 S.W. 883 (1914). These cases hold that the contractor is a necessary party because the owners know nothing about the nature or amount of furnished materials that have gone into the construction of their improvement. The contractor is a necessary party, both for his own and the owners' protection, because the owners have a right to look to him for the payment of any judgment that might be recovered against them for materials furnished. The owners should not be compelled to resort to another action against the contractor in which the contractor would be at liberty to claim that he did not owe the materialmen the amount for which the judgment was rendered and the lien enforced. It is the intention of the law to have the contractor defend all such actions and be bound by the judgment rendered.

As we have concluded that Milburn acted as a contractor and was, therefore, a necessary party to appellee's suit, we must also conclude that the trial court erred in not dismissing the action for appellee's failure to make Milburn a party.

Reversed.

COOPER and ROGERS, JJ., agree.