MERCHANTS & PLANTERS BANK & TRUST CO. of
Arkadelphia *v.* Thomas W. MASSEY, et al.

90-22                                              790 S.W.2d 889

Supreme Court of Arkansas
Opinion delivered June 4, 1990

*McMillan, Turner & McCorkle*, by: *Taylor A. King*, for appellant.

*Honey & Honey, P. A.*, by: *Marc Honey*, for appellees.

DALE PRICE, Justice. This case involves the validity of a promissory note and deed of trust executed by Thomas Massey to the Merchants & Planters Bank & Trust Company (hereafter M & P). Questions are also presented concerning the doctrine of unjust enrichment and the equitable defense of unclean hands.

Merchants & Planters loaned $22,000 to Thomas Massey on February 14, 1986. The loan was made on the strength of a promissory note and a deed of trust pledging 1.25 acres of land as security for the loan. The land was the homestead property of Massey and his wife, Anita.

The promissory note and the deed of trust both purported to bear the signature of Anita Massey. In fact, her signature had been forged by her husband. Thomas Massey had been allowed by M & P to take the instruments home, and when he returned with them, they contained Anita Massey's forged signature. The instruments were then notarized by an employee of M & P.

Thomas Massey used the $22,000 to pay off various notes and family debts. Anita Massey knew that her husband had obtained a loan from somewhere, and, in fact, they had discussed the possibility of borrowing money because of financial difficulties. However, Anita never agreed to put up any collateral to secure a loan and was unaware Thomas had signed her name to a promissory note and had pledged their property as security.

In January of 1987, Anita Massey discovered the promissory note on which her name had been forged, and she began divorce proceedings against her husband. On the advice of her attorney, a deed was prepared on February 5, 1987, whereby Thomas Massey conveyed the 1.25 acres to Sarah Beggs, Anita's mother. Anita did not join in this deed.

The divorce became final on March 5, 1987. There was no

property settlement agreement.

At that time, the promissory note was in default. On July 15, 1987, M & P filed a foreclosure complaint seeking judgment against Thomas and Anita Massey for the balance due on the note and asking for foreclosure on the 1.25 acres if the judgment was not satisfied. Anita Massey answered the complaint denying she had signed the instruments on which the complaint was based. This was when M & P first realized that Mrs. Massey's signature had been forged.

Acting on this newly acquired knowledge, M & P filed an amended complaint seeking to foreclose on Thomas Massey's one-half interest in the property, with the purchaser to be subject to Anita Massey's one-half interest and homestead interest. In additional counts, M & P alleged: (1) that its note and deed of trust were valid under the validation of instruments statute; (2) that the deed from Thomas Massey to Sarah Beggs should be declared void; and (3) that Anita Massey was unjustly enriched when the proceeds of the note were used to pay off family debts.

A hearing was held and the chancellor dismissed M & P's complaint on three grounds: (1) the deed of trust from Thomas Massey to M & P was invalid because it did not contain Mrs. Massey's signature; (2) Mrs. Massey was not unjustly enriched; and (3) since M & P had notarized the forged signature, the defense of unclean hands barred recovery. This is the ruling from which M & P's appeal is taken.

Merchants and Planters Bank pursued two avenues of recovery. First, it sought to recover the balance due on the note directly from Mrs. Massey on the theory of unjust enrichment. Second, it sought to foreclose solely on Thomas Massey's interest in the 1.25 acres.

Considering the evidence in the light most favorable to the appellees, we try chancery cases *de novo* on the record and do not reverse a finding of fact by the chancellor unless it is clearly erroneous. *McGuire* v. *Bell*, 297 Ark. 282, 761 S.W.2d 904 (1988); ARCP 52(a).

Merchants and Planters argues that the proceeds of the $22,000 loan were used to pay bills owed by both Mr. and Mrs. Massey. Since Mrs. Massey received the benefits of the loan

without incurring the obligation to pay it back, it is claimed she was unjustly enriched. The trial court correctly declined to hold for M & P on this theory.

■ An action based on unjust enrichment is maintainable in all cases where a person has received money under such circumstances that, in equity and good conscience, he ought not to retain it. *Frigillana* v. *Frigillana*, 266 Ark. 296, 584 S.W.2d 30 (1979). The chancellor apparently found that the circumstances here were not such that Mrs. Massey should repay the loan. Mrs. Massey was unaware that her name had been signed to the note. She accepted the benefits of what she thought was money her husband had obtained on a personal loan. As we said in *Whitley* v. *Irwin*, 250 Ark. 543, 465 S.W.2d 906 (1971):

> One who is free from fault cannot be held to be unjustly enriched merely because he has chosen to exercise a legal or contractual right. One is not unjustly enriched by receipt of that to which he is legally entitled. (Cites omitted.)

It is also true that Mrs. Massey took no action that would indicate she intended to be bound by the note. See *Dews* v. *Halliburton Industries, Inc.*, 288 Ark. 532, 708 S.W.2d 67 (1986). The recent court of appeals case, *Duckworth* v. *Poland*, 30 Ark. App. 281, 785 S.W.2d 472 (1990), is also instructive.

We hold that the chancellor's finding that Mrs. Massey was not unjustly enriched is correct.

Mrs. Massey also argued below that the defense of unclean hands would bar M & P's recovery of money from her. Specifically, she pointed to M & P's wrongful notarization of the note and the deed of trust, both of which bore her forged signature.

■ The clean hands maxim bars relief to those guilty of improper conduct in the matter as to which they seek relief. *Marshall* v. *Marshall*, 227 Ark. 582, 300 S.W.2d 933 (1957). Equity will not intervene on behalf of a plaintiff whose conduct in connection with the same matter has been unconscientious or unjust. *Batesville Truck Lines, Inc.* v. *Martin*, 219 Ark. 603, 243 S.W.2d 729 (1951).

■ The chancellor correctly found that M & P's action

against Mrs. Massey should have been barred by the clean hands doctrine. In effect, M & P is seeking to take advantage of its own wrongful conduct in notarizing and accepting Mrs. Massey's forged signature on the note. That conduct was, in the language of *Marshall* and *Batesville Truck Lines,* "improper" and "unconscientious." It is also noteworthy that such conduct, if undertaken today, would be illegal. At the time the instruments were notarized, it was not illegal for a notary to witness an unfamiliar signature. However, in 1989, such conduct was made unlawful by the general assembly. See Ark. Code Ann. § 21-14-111 (Supp. 1989).

For the reasons stated, the chancellor was correct in finding that M & P could not recover against Mrs. Massey for the balance due on the note.

The next question is whether M & P may foreclose on Thomas Massey's one-half interest in the 1.25 acres. The deed of trust, in which the 1.25 acres was pledged as collateral, is clearly void because it was not joined in by Mrs. Massey. The statute which voids the transaction is Ark. Code Ann. § 18-12-403 (1987) which reads as follows:

> No conveyance, mortgage, or other instrument affecting the homestead of any married person shall be of any validity, except for taxes, laborers' and mechanics' liens, and the purchase money, unless his or her spouse joins in the execution of the instrument and acknowledges it.

Merchants and Planters recognizes that this statute prevents it from foreclosing on Mrs. Massey's interest in the land. However, it is claimed that Ark. Code Ann. § 16-47-108 (1987) entitled "Validation of instruments affecting title to property" validates the defective deed to the extent that foreclosure could be had against Mr. Massey's interest in the land. Ark. Code Ann. § 16-47-108(a)(1) and (b) (1987) provide:

> All deeds, conveyances, deeds of trust, mortgages, marriage contracts, and other instruments in writing, affecting or purporting to affect the title to any real estate or personal property situated in this state, which have been recorded and which are defective or ineffectual:

(1) because of failure to comply with § 18-12-403,

. . . .

(b) shall be as binding and effectual as though the certificate of acknowledgement or proof of execution was in due form, bore the proper seal, and was certified by a duly certified officer.

■ This statute is the codification of an act passed in 1955. *See* Act 101 of 1955. It is generally recognized that curative acts, such as this one, have retrospective operation and apply to past events and transactions. *See* 2 Singer, *Sutherland Statutory Construction*, §§ 41.11 to 41.12 at 410-14 (4th ed. 1986); 73 Am. Jur. 2d *Statutes*, § 353 at 489 (2d ed. 1974); 16A C.J.S. *Constitutional Law*, § 400 at 335 (1984). A curative act does not apply to a transaction which takes place after the passage of the act. In *Petition of Miller*, 149 Pa. Super. 142, 28 A.2d 257 (1942), it was recognized that:

The purpose of a validating statute is to cure past errors, omissions, and neglects, and thus to make valid what, before its enactment, was invalid. It grants no 'indulgence' for the correction of future errors and neglects.

■ The transaction in this case — the execution of the deed of trust from Thomas Massey to M & P — took place after 1955. Therefore, the act cannot operate to cure any defect in the deed. The deed is void under the provisions of Ark. Code Ann. § 18-12-403 (1987).

■ We recognize that the chancellor did not use this line of reasoning in dismissing M & P's foreclosure complaint, but we will affirm if the chancellor reaches the correct result. *Ratliff* v. *Moss*, 284 Ark. 16, 678 S.W.2d 369 (1984).

Affirmed.

TURNER, J., not participating.