FIRST NATIONAL BANK IN STUTTGART *v.*
QUALITY CHEMICAL CORPORATION

CA 91-74                                              821 S.W.2d 53

Court of Appeals of Arkansas
Division I
Opinion delivered December 26, 1991

216

*Shults, Ray & Kurrus*, by: *H. Baker Kurrus*, for appellant.

*Butler, Hickey & Long*, by: *Fletcher Long, Jr.*, for appellee.

JAMES R. COOPER, Judge. The appellee chemical company sued the appellant bank, a secured creditor and duly-appointed receiver of Howell Enterprises, Inc., for refusing to pay for a chemical the Bank used to operate Howell's rice milling and grain storage facility under the receivership. The chancellor held that the Bank had been unjustly enriched and ordered it to pay the appellee. On appeal, the appellant contends that the chancellor erred because it was authorized to use the chemical without payment due to its security interest in Howell's inventory and because it was acting pursuant to the court's order appointing it receiver. We affirm.

The appellant brought a foreclosure action against Howell due to its insolvency, pursuant to a first lien security interest in all existing and after-acquired inventory in Howell's business. A court order of August 31, 1987 appointed the appellant as receiver, stating that the Bank was to immediately assume operation of the business to avoid irreparable damage to Howell and its creditors by preserving and protecting the collateral. The order further stated that the Bank, as receiver, was not responsible for payment of any debt or obligation of Howell incurred prior to August 31, 1987, and that Howell was not responsible for payment of expenses or debts the appellant incurred subsequent to that date in operation of the business. No notice of the appellant's appointment was given to creditors.

The appellee previously had sold chemicals to Howell on open account and in July 1987, it delivered phostoxin fumigant to Howell which was necessary to kill parasites in grain. When the appellee's president did not receive a check for the chemical in the following month, as was the normal business practice between Howell and the appellee, he became suspicious of Howell's financial status and spoke to an employee of Howell who referred him to an officer of the appellant Bank. He asked the officer if he could pick up the chemical which, according to Howell's employee, had not been used, and the officer told him that the Bank's

attorneys had said that "nobody [was] to pick up or use anything." The Bank then used the chemical to treat grain, sold the grain, and refused to pay the appellee, relying on its security interest in Howell's inventory and the court's order that it was not responsible for Howell's prior debts. The appellee sued for payment on the account and judgment was entered for it in the amount of $4,420.00 plus prejudgment interest. The chancellor stated that, though the appellant properly took possession of the chemical in accordance with the order, by using it without paying the appellee it had been unjustly enriched.

Courts of equity may appoint receivers for any lawful purpose when such appointment is deemed necessary and proper, Ark. R. Civ. P. 66, and it is only in exceptional cases that a receiver should be appointed where no notice is given to adverse interests. *Davis* v. *Seay*, 247 Ark. 396, 445 S.W.2d 885 (1969). We find no case in which a secured creditor is also the receiver as Ark. Code Ann. § 16-117-207 states that "no party or attorney, or person interested in an action, shall be appointed receiver therein." Neither party raised, either at trial or in this Court, the issues of notice or the propriety of appointing the Bank as receiver; therefore, we will determine only whether the court erred in holding that the appellant, as receiver, was unjustly enriched.

■ It is a basic principle that a receivership is not an end unto itself, but is ancillary to some proceeding over which the court has jurisdiction. *See Chapin* v. *Stuckey*, 286 Ark. 359, 692 S.W.2d 609 (1985). This receivership is ancillary to the foreclosure action by the appellant, which claims that the chemical was inventory of Howell's subject to its security interest, and the appellee does not contest this fact. Nevertheless, we are not addressing the disposal of the chemical in reference to the foreclosure action brought by the appellant as a secured creditor, but rather the appellant's authority to use it as receiver.

■ A receiver is a fiduciary representing the court and all parties in interest. It is an "embodiment of the creditors" standing as agent for them, representing them with power to do acts that a mere agent of the defunct company could not do. *Talbot* v. *Jansen*, 294 Ark. 537, 744 S.W.2d 723 (1988). In *Davis* v. *Seay, supra,* the receiver appointed to take charge of a motel

was also a tenant operating a restaurant in the motel. He used receivership funds to make improvements in the restaurant. The court stated that it was not concerned with whatever rights the receiver had as tenant, but was dealing with him as a receiver, and held that because he was the chief beneficiary of the expenditure, if not the only one, he was responsible for payment. The court cited 75 C.J.S. § 182a, page 828, in stating that the receiver "administers the assets of the estate, not in his own right or for his own benefit, but for the benefit of the creditors and those who own the property or are otherwise interested therein." *Davis*, 247 at 402.

▬ As in *Davis*, we view the appellant's actions in this case as those of a duly appointed receiver without regard to its rights as a secured creditor, and we accordingly hold that the appellant should not personally benefit from its position as receiver to the detriment of other creditors. The chemical was necessary to sell the grain; thus, the appellant would have had to purchase it from the appellee or from some other source. By simply using that which had been delivered to Howell, without payment, the receiver acted for its own personal benefit.

▬ To find unjust enrichment a party must have received something of value to which he was not entitled and which he should restore. There must be some operative act, intent, or situation to make the enrichment unjust and compensable. *Dews* v. *Halliburton Industries, Inc.*, 288 Ark. 532, 708 S.W.2d 67 (1986), citing Brill, *Arkansas Law of Damages*, § 15-3 (1984). The appellant correctly states that for an unjust enrichment action, one must reasonably expect to receive compensation from the party allegedly enriched, *Dews, supra*, and concludes that the appellee could not have reasonably expected the appellant to pay due to its security interest in Howell's inventory. But, the appellee chemical company contacted the appellant as receiver, and it was reasonable for it to expect payment from the receiver just as it would have expected payment from Howell.

> The receiver occupies no better position than that which was occupied by the party for whom he acts and takes the property subject to the same claims, liens, and equities that existed before his appointment. *Witherspoon* v. *Choctaw Culvert and Machinery Company*, 56 F.2d 984 (8th Cir.

1932); *Sutton* v. *McClain*, 193 Ark. 49, 99 S.W.2d 236 (1936); *Martin* v. *Blytheville Water Company*, 115 Ark. 230, 170 S.W. 1019 (1914)

The appellant further contends that one cannot be unjustly enriched for exercising its lawful rights and remedies, and the court order stated that it was not responsible for prior debts of Howell. We do not hold appellant liable for Howell's debt, but for the debt it incurred as a receiver which could have been avoided by returning the chemical. Instead, it incurred the debt for operation of the business, subsequent to the date of the court order for which it was liable.

■ We review chancery cases *de novo* on appeal and will not reverse a chancellor's finding unless clearly erroneous. *Snyder* v. *Martin*, 305 Ark. 128, 806 S.W.2d 358 (1991). Because we agree with the chancellor that the appellant was unjustly enriched by using the chemical without paying for it, we affirm.

DANIELSON and MAYFIELD, JJ., agree.