Jimmy SMITH *v.* Billy Ray WHITENER

CA 92-986                                     856 S.W.2d 328

Court of Appeals of Arkansas
En Banc
Opinion delivered June 30, 1993

*Paul Petty*, for appellant.

No brief filed.

JOHN MAUZY PITTMAN, Judge. Jimmy Smith appeals from an order dismissing his action seeking restitution from appellee Billy Ray Whitener for unjust enrichment. We reverse.

The facts of the case are essentially undisputed. Patricia Birlson owned property in White county that when encumbered with a mortgage in favor of Newport Federal Savings & Loan

(Newport Federal). In 1980, Birlson sold all but one acre of the property to appellee. In conjunction with his purchase of the remainder of the property, Whitener assumed the existing mortgage to Newport Federal. Birlson later sold the remaining one acre to Charles Burress, who then sold the acre by warranty deed to appellant in 1981. Appellant constructed a house on the property and entered into a contract for its sale with J.J. Reeves. Reeves' title search revealed Newport Federal's lien on the property. To facilitate the sale to Reeves, on November 21, 1984, appellant obtained a release of his one acre from the mortgage by assigning a $5,000.00 certificate of deposit to Newport Federal. According to the assignment, the CD was to serve as security for appellee's debt to Newport Federal. Appellant testified that it was his understanding that his CD would be returned once the note secured by the mortgage was paid off.

On March 29, 1990, Newport Federal informed appellant by letter that appellee Whitener's loan was delinquent, that it had exercised its option to accelerate, and that it was crediting against the loan the proceeds from the CD, according to the terms of the assignment. On April 4, 1990, Newport Federal's attorney wrote appellant's counsel and stated that, after the application of appellant's CD with interest, the balance due on the note had been reduced from $14,794.02 to $9,265.22. When appellee's mother paid off the note, appellant filed suit against Newport Federal for breach of contract and against appellee for unjust enrichment. Appellant subsequently dismissed the claim against Newport Federal, and proceeded solely on the claim against appellee. The chancellor found that appellant had "failed to meet his burden of proof," and dismissed the case.

Appellant argues that appellee was unjustly enriched when his indebtedness was reduced by the application of the proceeds from the CD. While Newport Federal was entitled to the proceeds of the CD under the terms of the assignment, appellant maintains that he was not indebted on the mortgage and, therefore, appellee remained responsible for the entire amount of the note, not for the loan amount less the proceeds of the CD.

On appeal, we try chancery cases *de novo* on the record and do not reverse a finding of fact by the chancellor unless it is clearly erroneous. *Merchants & Planters Bank & Trust Co.* v.

*Massey*, 302 Ark. 421, 790 S.W.2d 889 (1990). A finding is clearly erroneous when the reviewing court is left with a definite and firm conviction that a mistake has been committed. *Duckworth* v. *Poland*, 30 Ark. App. 281, 785 S.W.2d 472 (1990).

■■ One is not unjustly enriched by receipt of that to which he is legally entitled. *Merchants & Planters Bank & Trust Co.* v. *Massey*, *supra*. To find unjust enrichment, a party must have received something of value to which he is not entitled and which he should restore. There must be some operative act, intent, or situation to make the enrichment unjust and compensable. *Dews* v. *Halliburton Industries, Inc.*, 288 Ark. 532, 708 S.W.2d 67 (1986); *First National Bank* v. *Quality Chemical*, 36 Ark. App. 215, 821 S.W.2d 53 (1991). It is not necessary that the party unjustly enriched should have been guilty of some wrongdoing, the question being whether he obtained something of value to which he was not entitled, to the detriment of someone else. *Frigillana* v. *Frigillana*, 266 Ark. 296, 584 S.W.2d 30 (1979). Appellant does not maintain that appellee was enriched through fraud or any tortious act. Appellant was obligated to pay the mortgage covering the entire property. He received a considerable savings, $5,528.22, on the indebtedness due to Newport Federal's application of the CD proceeds to the loan. This savings allowed appellee's mother to redeem the property for $9,265.22 after appellee defaulted.

■ Appellee testified that he did not know of the assignment between appellant and Newport Federal and that he never intended to use appellant's money. Nonetheless, appellee was enriched by Newport Federal's application of the CD to the loan when appellee defaulted. Even an innocent party who has been unjustly enriched may be compelled to surrender the fruits to another more deserving party. *Orsini* v. *Commercial National Bank*, 6 Ark. App. 166, 639 S.W.2d 516 (1982). If one has money belonging to another, which, in equity and good conscience, he ought not to retain, it can be recovered although there is no privity between the parties. *Patton* v. *Brown-Moore Lumber Co.*, 173 Ark. 128, 292 S.W.2d 383 (1927). Although the enrichment was to appellee and at the expense of appellant, the enrichment need not have come directly from appellant, but could come from a third source, Newport Federal. *See Id.*

Newport Federal was entitled to the CD proceeds until the note secured by the mortgage was paid off. The CD was put up as security and in consideration of appellant's obtaining a release of the one acre from the mortgage, thus allowing appellant to sell the acre free of the Newport Federal's lien. It was argued that appellee was not unjustly enriched because the CD stood for the property released from the mortgage appellee has assumed which covered the entire property. The argument continued that appellant made this assignment with no reasonable expectation of payment from appellee, who became the beneficiary of the loan's reduction by application of the CD. However, appellee demonstrated his willingness to accept this savings by paying off the mortgage at the reduced amount. *See Frigillana, supra.*

■ Although this one acre was released from the mortgage lien, appellee was still responsible for the entire note. Appellant's assignment was not made to excuse appellee from this obligation. When one not primarily bound to pay a debt to remove an encumbrance nevertheless does so, either from his legal obligation or to protect his own secondary right, he may assert a claim of unjust enrichment against the other who is liable. *See Cox v. Wooton Bros. Farms*, 271 Ark. 735, 601 S.W.2d 278 (Ark. App. 1981). Here, appellant was not obligated to appellee to pay any portion of appellee's mortgage. He assigned his CD to Newport Federal to protect the one acre from Newport Federal's lien created by the mortgage. Appellant was protecting a legitimate interest: a clear title on the property. Appellee should not be permitted to be unjustly enriched by achieving a savings on the mortgage after initially defaulting on the loan and activating the terms of Newport Federal's assignment.

■ From our review of the record, we find that it was error for the chancellor to dismiss appellant's action for unjust enrichment and reverse.

ROGERS, J., concurs.