SHEILA RAFAL,
Plaintiff,

*vs.*

HAROLD S. RAFAL,
Defendant.

*March 11, 1964.*

*Victor F. Battaglia* of Theisen & Lank, Wilmington, for plaintiff.

*Bruce M. Stargatt* of Morford, Young & Conaway, Wilmington, for defendant.

SEITZ, Chancellor: Plaintiff brought this action for specific performance of the monthly payment provision of her separation agreement with the defendant, her former husband. The defendant con-

tends both by way of defense and counterclaim that he was justified in reducing the monthly payments until such time as he has recovered the monetary value of certain property admittedly taken by plaintiff from the home which she vacated and which he and the children reoccupied under the terms of their agreement. Defendant relies upon paragraph 4 of the agreement, which reads:

> "4. The parties shall retain respectively their individual personal property, including clothes, personal effects, automobiles and bank accounts. The furniture and furnishings located at 45 Ridgewood Circle shall be the separate individual property of the Husband, except for the following articles which the Wife shall remove from the premises and retain as and for her own property:

> "Piano
> Hi Fi
> Sofa
> Kitchen Set
> Bedroom Set
> 1 Extra bed"

Plaintiff admits that she took, in addition to the identified items, the long list of property which is still in issue and she tacitly concedes that the bulk of it comes within the language "furniture and furnishings". She contends, however, that the language of paragraph 4 is ambiguous. She says the provision that the parties shall retain their individual personal property conflicts with the language which follows that the furniture and furnishings shall be the separate and individual property of the husband, with certain exceptions. I do not find a conflict. By the language employed the parties have defined the husband's individual property as including the furniture and furnishings with the exceptions listed. Thus, the plaintiff had no right to remove the furniture and furnishings except for the items specifically identified. The evidence of surrounding circumstances also supports my conclusion.

Can any of the disputed items be considered as other than "furniture and furnishings"? All the items still in dispute would

seem to come within a reasonable interpretation of those terms except for the tripod, etc., the Polaroid camera, the projector and movie reels. These can fairly be said to be "individual personal property". However, this particular property in the context of this settlement and the light of the other evidence must be considered to be the defendant's individual property under the terms of the agreement.

I come now to the issue as to the proper measure of damages since the property is no longer available, having been destroyed in a fire. Plaintiff says the measure of damages is market value while defendant says the measure in this situation—conversion of or injury to household goods—is the value of the goods to the owner based on his actual money loss resulting from his being deprived of the property. 63 *A.L.R.*, p. 241.

I conclude that the authorities cited by defendant are the applicable ones here. As the Connecticut Court stated, it would be most unfair to limit recovery to market value in the case of household furnishings because they would bring, as to evidence before me shows, substantially less than their value to the owner. Recovery of the owner's real loss is a much fairer approach. Compare *Barker v. Lewis Storage and Transfer Co.,* 78 *Conn.* 198, 61 *A.* 363.

However, I cannot agree with defendant that the application of the measure of damages rule here adopted requires the court to allow replacement value new. In applying the rule the courts have taken different approaches depending upon the available evidence. Here it is difficult to make a satisfactory finding as to the appropriate dollar value of each item. Some of this difficulty stems from the fact that the items were lost in a fire after removal and thus their condition cannot be determined with any reasonable certainty.

Since defendant is willing to accept them I think it appropriate here to start with the replacement values given for the articles by plaintiff. If there are cases where she gave none the defendant's figures will be adopted. I conclude that the replacement value figures should be adjusted to reflect actual value based on existing condi-

tions. etc.   See 63 *A.L.R.* p. 254; *Marsh v. Union Pac. R. Co.,* 10 *Cir.,* 9 *F.* 873.   However, the action of the plaintiff in taking the property and the subsequent fire have prevented the court from having specific evidence as to the condition of the property at the time it was taken.   However, this does not deprive defendant of damages.   See *Holmes v. Freeman,* 23 *Conn.Sup.* 504, 185 *A.2d* 88.   The court must do the best it can.   I conclude that a ⅓ discount from replacement value across the board would probably average out fairly in determining awardable damages.   Unless the parties want to offer additional evidence directed to the discount factor, the foregoing approach will be adopted by the court.   On this record I reject plaintiff's contention that defendant's standard of damages should not be accepted for failure to offer applicable evidence.

If the parties cannot agree on the terms of payment I will decide the matter.   No question of interest is raised.

Present order on notice.