INTERNATIONAL RENTAL AND LEASING CORPORATION, d/b/a Budget Rent a Car St. Thomas, Appellant,

v.

Kashan McCLEAN, Appellee.

No. CIV.A.2002–93.

District Court, Virgin Islands, Appellate Division, D. St. Thomas.

Considered: Oct. 31, 2003.

Filed: Feb. 18, 2004.

Lorren D. Caffee, Esq., St. Thomas, VI, for Appellant.

Stephen A. Brusch, Esq., St. Thomas, VI, for Appellee.

Before: RAYMOND L. FINCH, Chief Judge of the District Court of the Virgin Islands; THOMAS K. MOORE, Judge of the District Court of the Virgin Islands; and MARIA M. CABRET, Judge of the Territorial Court, Division of St. Thomas, sitting by designation.

## MEMORANDUM OPINION

PER CURIAM.

## I. INTRODUCTION

Appellant International Rental and Leasing Corporation d/b/a Budget Rent–A–Car St. Thomas ["Budget"] appeals the trial court's decision awarding Budget nominal damages in an action against appellee Kashan McClean for damages to a car that McClean rented from Budget. Budget argues that the trial court erred (1) in awarding only nominal damages after Budget provided evidence of the appearance of the car after the accident, the market value of the car before the accident, and the salvage value of the car after the accident, and (2) by refusing to allow Budget's general manager to give opinion testimony under Federal Rules of Evidence 701 or 702 on the cost to repair the vehicle. Both of Budget's claims have merit. First, the testimony of Budget's general manager regarding the condition of the car and his estimate of damages based on the market and salvage value of the car is sufficient to support Budget's claim that the car was damaged beyond repair. Upon making such a sufficient showing of damages, Budget is not required to supplement its claim with an itemized analysis of repair costs associated with each damaged part of the vehicle. Second, Budget's general manager has sufficient knowledge and expertise to provide opinion testimony under Rule 701 or 702 regarding repair costs. Accordingly, we reverse the decision of the trial court and remand for further proceedings.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On October 29, 1999, the appellee, McClean, rented a Ford Contour automobile for one day from Budget. McClean did not return the vehicle on the agreed upon return date and, on November 1, 1999, the vehicle was involved in a single car accident while being driven by Rashawn Brady, a non-authorized driver who abandoned the vehicle after the accident. The car was later towed to Budget's facilities. Budget brought an action in Territorial Court against McClean for depreciated cost of the vehicle immediately before the accident, less its salvage value after the accident, together with costs of collection, interest, and attorneys' fees as provided in the rental agreement.

At trial on March 7, 2002, Budget argued that the defendant "totaled" the vehicle. Mario Austin, the General Manager of Budget Rent–A–Car in St. Thomas, testified that he saw the car when it was towed to Budget's lot and that the car looked "destroyed" and "unfixable." Austin provided extensive testimony on the depreciated value of the vehicle and the market value of the vehicle immediately before the accident. Austin also testified that the damaged car was sold on January 18, 2000, for a salvage price of $2,000.[1] According to Austin, after deducting the $2,000 Budget received when selling the car for salvage and a payment charged to McClean's credit card after the accident, $8,824.05 in damage to the vehicle was unaccounted for. Austin did not have photographs of the damaged vehicle and he did not provide documentation showing what it would cost to repair the vehicle, even though he said Budget assessed the vehicle after the accident and determined it would not be cost effective to repair it. Budget sought to have Austin offer opinion testimony under Federal Rule of Evidence 701 or 702 regarding the cost to repair the vehicle, but the trial court refused to allow

---

1. Austin's testimony suggested that the individual who purchased the car after the accident did so for parts or scrap metal, although he did not say so explicitly.

such testimony unless Austin could itemize the damage to the vehicle and the corresponding parts and labor costs to repair the damage.

McClean challenged Budget's argument that the car was totaled and stressed that Budget had not presented sufficient evidence to show the car was damaged beyond repair. To support this claim, McClean elicited testimony from Austin on cross-examination that the car's electrical and ignition systems were operable after the accident.

In its findings of facts and conclusions of law, the trial court ruled that McClean was liable for damage to the car but that Budget had presented no evidence to show repair costs. Without such evidence, the trial court concluded that a determination that the car was "totaled" would be speculative and awarded Budget one dollar in nominal damages.[2]

## III. ANALYSIS

### A. Jurisdiction and Standard of Review

This Court has jurisdiction to review final judgments and orders of the Territorial Court in all civil matters. See V.I.

CODE ANN. tit. 4, § 33.[3] This Court's review of the trial court's application of legal precepts and statutory construction is plenary. See In re Cendant Corp. Prides Litig., 233 F.3d 188, 193 (3d Cir.2000); Dennenberg v. Monsanto, 168 F.Supp.2d 494, 495 (D.Virgin Islands 2001); Virgin Islands v. John, 159 F.Supp.2d 201, 205 (D.Virgin Islands 1999).

### B. Measure of Damages and Method of Proving Damages

 At issue in Budget's appeal is the proper method for proving that an automobile has been damaged beyond repair. In its appeal, Budget correctly argues that "there is no universal test for determining the value of property injured or destroyed" and that the trial court's ruling effectively made repair estimates an essential element in proving damages. See 22 AM. JUR. 3D Damages § 955 (1993); see also Barton v. Borit, 316 F.2d 550, 552 (3d Cir.1963)(noting that the value of destroyed property is not determined by artificial rules and that "neither cost of reproduction new, nor that less depreciation, is the measure or sole guide"); Swanston v. Virgin Islands, 17 V.I. 158 (Terr.Ct.1980). In Swanston, Judge Sil-

**2.** The trial judge gave the following ruling from the bench:

In this particular case the Court has no evidence of what it would cost to fix the car. The Court has no doubt that the car was severely damaged, but severely damaged does not give me an amount that I could work with in terms of determining whether a lower figure should be used in order to fix the car because the figure was still less than the book value or not, and therefore the Court has to expect that the total amount for fixing the car would have been more that the book—Blue book value or the market value. The Court finds from the testimony that evidently it was very difficult to determine what the Blue Book value was of this vehicle in 2002 in 1999, and the Court does not necessarily object to

the manner it was utilized in order to determine what the value was at the time of the accident, but it still remains to be seen that there is no determination as to what it would have cost to fix to determine whether I could take that figure. Accordingly, the Court does find to determine that the car was totaled would be speculative at this time and accordingly the Court must only find nominal damages in this matter at $1.

**3.** See Revised Organic Act of 1954 § 23A; 48 U.S.C. § 1613a. The complete Revised Organic Act of 1954 is found at 48 U.S.C. §§ 1541–1645 (1995 & Supp.2002), reprinted in V.I. CODE ANN. 73–177, Historical Documents, Organic Acts, and U.S. Constitution (1995 & Supp.2002) (preceding V.I. CODE ANN. tit. 1).

verlight found that the territorial government negligently approved the plaintiff's building for occupancy and, in considering the plaintiff's damages, noted that there was no "hard and fast rule" governing how damages should be calculated and that damages could be measured by decrease in market value, replacement costs, or value at the time of destruction. 17 V.I. at 168.[4] In this case, Budget relied on a market value approach to show the car was totaled, and the trial court's ruling deviated from the rule that there is no single method for proving damages by effectively requiring that Budget show damages only through a repair cost approach. *Id.* While the trial court may reduce damages or choose to not award damages if the plaintiff's estimate is unsupported or inaccurate, the trial court may not completely reject compensatory damages simply because the plaintiff chose one reasonable

means of estimating damages instead of another.[5]

## C. Opinion Evidence Regarding Repair Costs Under Rule 701 or 702

■ Budget also appeals the trial court's refusal to allow testimony from Austin on the cost of repairing the vehicle under Federal Rule of Evidence 701 or as an expert witness under Federal Rule of Evidence 702. Budget presented evidence at the trial that Austin oversees the repair of vehicles in the course of his duties as General Manager, that he has special training and is certified to repair automobiles, and that his company operates its own repair shop. Despite this evidence, the trial court refused to allow Austin to give opinion evidence or to testify as an expert unless he also provided an itemized report of the cost of repairing the car.[6]

---

**4.** McClean contends that *Swanston* is not applicable to the facts of this case because there was no dispute that the property in *Swanston* was damaged beyond repair, whereas Judge Hollar refused to find that Budget's car was damaged beyond repair without estimates of repair costs. This distinction between *Swanston* and the present case does not take away from the general principle, expressed by Judge Silverlight in *Swanston,* that there is no "hard and fast" rule as to how damages should be calculated and that a wide range of assessment methods should be considered.

**5.** A plaintiff need not prove damages with exact precision. *Roadway Express, Inc. v. Highway Truck Drivers and Helpers, et al.,* 299 F.Supp. 1058, 1063–64 (E.D.Pa.1969). Instead, it is sufficient that the plaintiff put forth a reasonable estimate of damages. *Id.* In presenting evidence of the market value of the vehicle before the accident and its salvage value after the accident, Budget put forth a reasonable estimate of damages.

**6.** The following exchange occurred when Budget attempted to have Austin testify under Rule 701 or 702:

> Budget: Based on your experience, your training, and your regular operation of this particular business, do you regularly

make decision about the cost effectiveness of repairs on your own vehicles?

Austin: Yes, I do.

Budget: And do some—do you decide is some worth doing and some you decide is not?

The Court: That I'm not gonna allow. It doesn't really matter what they do as far as business.

Budget: I was trying to establish his background and experience both as a witness under 701 and as an expert—

The Court: Whether it is or not I don't consider him an expert witness with respect to body repairs. Number one, it requires tabulation concerning the various parts and total in the sense of these type of cases, means, as I understand it, is in excess. Will it cost more to repair than the value of the car at the time, that's my understanding of total. It doesn't necessarily mean that the car cannot be repaired but at one point it doesn't pay to repair a car. So, I won't be able to accept his testimony as to the cost of repairing the vehicle unless he can tell me what parts cost what and in an itemization.

Because Austin's competency to testify under either Rule 701 or 702 about repair costs depends on an overall evaluation of his expertise, and not his ability to provide a part-by-part repair estimate, we reverse the trial court's decision on this issue.

Rule 701 of the Federal Rules of Evidence allows non-expert witnesses to testify in the form of opinion or inference as long as those opinions or inferences are rationally based on the perception of the witness, helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and not based on scientific, technical, or other specialized knowledge within the scope of Rule 702. *See* FED R. EVID. 701. "[Under Rule 701,] a lay witness with first-hand knowledge can offer an opinion akin to expert testimony in most cases, so long as the trial judge determines that the witness possesses sufficient and relevant specialized knowledge or experience to offer the opinion." *Asplundh Manufacturing Div. v. Benton Harbor Engineering*, 57 F.3d 1190, 1201–02 (3d Cir.1995).

■ Given that Austin is licensed in automobile repair, is the general manager of a business that regularly makes decisions on the costs of repairing vehicles, and personally viewed the damaged vehicle, he has sufficient expertise and knowledge to give estimates on the cost of repairing his company's vehicle. *Id.; see also Robinson v. Watts Detective Agency*, 685 F.2d 729, 739 (1st Cir.1982) (owner of a business is competent to give his opinion, under either Rule 701 or 702, on the value of his property, so long as the opinion is based upon personal knowledge, and the opinion's accuracy goes to its weight rather than its admissibility). Even without an itemized evaluation of the cost to repair each damaged part of the vehicle, Austin has sufficient first-hand knowledge and training to give a general estimate on what it would cost to repair the vehicle.[7]

■ Similarly, under Rule 702, Budget's failure to produce itemized evidence of the costs of repairing the vehicle does not prevent Austin from providing expert testimony regarding the cost to repair the damaged vehicle. Under Rule 702, "a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." FED R. EVID. 702; *see also United States v. Velasquez*, 33 V.I. 265, 273–74 (3d Cir.1995) (stating that rule 702's requirement should be lib-

Budget: I understand. So even though he has testified that he is certified you're saying he's not providing the detail cost?

The Court: He's certified to do something with respect to business decisions with Budget Rent-A-Car. If I'm suppose to accept him as an expert he has to tell me what parts needed repair, what's the cost of it, and labor.

Budget: Under 701 as non-expert, as owner of the vehicle he can make determination as to its value and decisions.

The Court: He's already—did tell me the value and how it depreciated. I have it. That's what I have.

Budget: I have no further redirect.

**7.** An owner of a business is competent to give his opinion as to the value of his property. *Kestenbaum v. Falstaff Brewing Corp.*, 514 F.2d 690, 698 (5th Cir.1975); *United States v. Sowards*, 370 F.2d 87, 92 (10th Cir.1966). Whether or not his opinion is accurate goes to the weight of the testimony, not its admissibility. *Meredith v. Hardy*, 554 F.2d 764, 765 (5th Cir.1977). *Cf. Ford Motor Co. v. Webster's Auto Sales, Inc.*, 361 F.2d 874, 886 (1st Cir.1966) (plaintiff's method of valuation of damages attacked by defendant; accuracy of plaintiff's testimony goes to weight not admissibility).

erally construed, with a "strong and undeniable preference for admitting any evidence having some potential for assisting the trier of fact").

The trial court accepted Austin as an expert witness "with respect to business decisions with Budget Rent–A–Car," but would not accept expert testimony from Austin on repair costs unless Austin could provide an itemized list of costs for parts and labor for each damaged component of the vehicle. While Rule 702 allows the trial court to exclude expert testimony that it finds it to be unreliable, Austin's ability to testify about repair costs does not depend entirely on being able to itemize each damaged part of the vehicle and provide corresponding repair costs for each part. *See Daubert v. Merrell Dow Pharmaceuticals,* 509 U.S. 579, 593–95, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993). As discussed in *Daubert,* the court should assess the reliability of an expert on a wide range of factors. *Id.* at 593–95, 113 S.Ct. 2786 (discussing factors to consider in assessing the reliability of expert testimony and noting that the inquiry envisioned by Rule 702 is "a flexible one"). By not allowing Austin to testify as an expert on repair costs unless he also provided an itemized report of the cost to repair each damaged part of the vehicle, the trial court's ruling created a prerequisite to testifying as an expert that is not warranted under Rule 702.

## III. CONCLUSION

Although Budget's claim that the car was destroyed beyond repair would certainly have been stronger if it provided evidence of the cost of repairing every damaged part of the car, this evidence is not essential to making a valid claim for damages. Similarly, Budget's general manager, Mario Austin, has sufficient expertise on automobile repair and knowledge of the damaged vehicle to provide general estimates on repair costs even without such evidence. Therefore, we reverse the trial court's decisions on these issues and remand this case for further proceedings consistent with this decision. An appropriate order is attached.

## ORDER OF THE COURT

**AND NOW,** this 18th day of February, 2004, having considered the parties' submissions and arguments, and for the reasons set forth in the Court's accompanying Memorandum Opinion of even date, it is hereby

**ORDERED** that the trial court's decision is **REVERSED** and **REMANDED** for proceedings consistent with this opinion.