**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3455
_____

CHAYA GROSSBAUM;
MENACHEM GROSSBAUM, her spouse, individually and as guardians ad litem
of the infant R.G.,
Appellants

v.

GENESIS GENETICS INSTITUTE, LLC, of the State of Michigan;
MARK R. HUGHES;
NEW YORK UNIVERSITY SCHOOL OF MEDICINE;
NEW YORK UNIVERSITY HOSPITALS CENTER, both corporations in the
state of New York;
ABC CORPS 1-10;
JOHN DOES 1-10

_____

On Appeal from the United States District Court
for the District of New Jersey
District Court No. 2-07-cv-01359
District Judge: The Honorable Esther Salas


Argued June 28, 2012
Before: SMITH and FISHER, *Circuit Judges*
RAKOFF, *District Judge**
(Opinion Filed:  July 24, 2012)


Lewis Stein     [ARGUED]

_____

* The Honorable Jed S. Rakoff, Senior District Judge for the United States District
Court for the Southern District of New York, sitting by designation.

Nusbaum, Stein, Goldstein, Bronstein & Kron
20 Commerce Boulevard
Suite E
Succasunna, NJ
        *Counsel for Appellant*

John L. Basiak, Jr.
Sarah L. Blaine
Thomas E. Redburn, Jr.
Lowenstein Sandler
65 Livingston Avenue
Roseland, NJ

Stephen N. Leuchtman     [ARGUED]
1380 East Jefferson Street
Detroit, MI
        *Counsel for Appellees Genesis Genetics Institute, LLC & Mark R. Hughes*

Charles W. Craven     [ARGUED]
Marshall, Dennehey, Warner, Coleman & Goggin
8th Floor
1845 Walnut Street
Philadelphia, PA

R. Scott Eichhorn
Matthew S. Schorr
Marshall, Dennehey, Warner, Coleman & Goggin
425 Eagle Rock Avenue
Suite 302
Roseland, NJ
        *Counsel for Appellees New York University School of Medicine & New York University Hospitals Center*

_____

OPINION

_____

SMITH, *Circuit Judge.*

Chaya and Menachem Grossbaum (the "Grossbaums") filed suit against Genesis Genetics Institute, LLC, Mark R. Hughes, New York University School of Medicine, New York University Hospitals Center, ABC Corps. 1-10, and John Does 1-10.[1] The Grossbaums raise claims on their own behalf, and on behalf of their infant daughter, arising out of Defendants' alleged negligence in testing and implanting an embryo containing the mutation for the genetic disorder cystic fibrosis. The District Court, applying New York law, dismissed the Grossbaums' claims as untimely. For the following reasons, we will affirm.

I.

The Grossbaums are both "carriers" of the genetic mutation for cystic fibrosis, meaning both of them have one gene with the mutation and one gene without the mutation. Because cystic fibrosis is a recessive disorder, an individual needs two genes with the mutation in order to suffer from the disorder; consequently, neither of the Grossbaums actually suffers from cystic fibrosis. Nevertheless, because they are both carriers, children conceived by them would have an approximately one-in-four chance of receiving two genes with the mutation, and thus a one-in-four chance of suffering from the disorder.

In February 2004, while living in New York, the Grossbaums discussed

---

[1] We refer to defendants Genesis Genetics Institute, LLC and Mark R. Hughes collectively as "Genesis." We refer to defendants New York University School of Medicine and New York University Hospitals Center collectively as "NYU."

3

having a child. Aware of the risks, they inquired about a new process known as Pre-Implantation Genetic Diagnosis ("PGD") that might decrease the probability that their child would suffer from cystic fibrosis. PGD required fertilizing several of Chaya Grossbaum's eggs, and testing the resulting embryos for the relevant genetic mutation. One or more embryos that did not appear to have two genes with the mutation would then be implanted using *in vitro* fertilization ("IVF").

In March 2004, the Grossbaums consulted with Defendants about both procedures. Under the proposed arrangement, Genesis would perform the PGD, and NYU would perform the IVF. The Grossbaums agreed to both procedures, signing consent forms acknowledging certain attendant risks. On July 14, 2004, Defendants began the procedures in New York by collecting and fertilizing several of Chaya Grossbaum's eggs. Cells from these embryos were sent to Genesis, located in Michigan, to perform the PGD. On July 19, 2004, Genesis reported to NYU that at least three of the embryos did not contain two genes with the mutation for cystic fibrosis and were thus safe for implantation. That same day, after discussing the PGD results with the Grossbaums, NYU implanted two of these embryos using IVF. The IVF procedure took place in New York. NYU monitored Chaya Grossbaum's pregnancy for several weeks after the implantation; all of this monitoring took place in New York.

Unbeknownst to the Grossbaums and the Defendants, at least one of the

4

implanted embryos had two genes with the mutation for cystic fibrosis. The Grossbaums' daughter was born in New Jersey on March 25, 2005, and was soon thereafter diagnosed with cystic fibrosis. The Grossbaums filed suit on March 23, 2007.

On January 20, 2011, Genesis and NYU filed separate motions for summary judgment. Genesis argued that New York law should apply, and that the Grossbaums' claims were untimely under N.Y.C.P.L.R. 214-a, which sets out a statute of limitations for medical malpractice claims.[2] NYU argued that New Jersey law should apply, and that the Grossbaums' claims failed under New Jersey law. In opposition to these motions, the Grossbaums argued only that New Jersey law should apply, and that summary judgment was not warranted under New Jersey law. They offered no argument as to whether their complaint was timely under Rule 214-a. In its reply brief, NYU raised the issue of untimeliness under New York law, pursuant to Rule 214-a.

On June 10, 2011, the District Court ruled on the pending motions for summary judgment. The court first agreed with Genesis that New York law

---

[2] N.Y.C.P.L.R. 214-a requires that:

> An action for medical, dental or podiatric malpractice must be commenced within two years and six months of the act, omission or failure complained of or last treatment where there is continuous treatment for the same illness, injury or condition which gave rise to the said act, omission or failure.

*Id.*

applied. The court then considered whether the Grossbaums' claims were untimely under Rule 214-a—an issue raised in Genesis's brief to which the Grossbaums had declined to respond. The court concluded that the Grossbaums' claims were untimely under Rule 214-a and granted Genesis's motion for summary judgment.

The District Court also recognized, however, that NYU had failed to argue that the Grossbaums' claims were untimely under Rule 214-a in their opening brief, and had only raised the issue in their reply brief. Therefore, the court declined to grant NYU's motion for summary judgment and instead requested supplemental briefing from the Grossbaums "addressing only NYU Defendants' reply brief arguments that Plaintiffs' claims fail under New York's statute of limitations and for lack of causation[.]" App'x A40.

On June 29, 2011, the Grossbaums filed their supplemental brief. This brief did not address the argument that the Grossbaums' claims were untimely under Rule 214-a. Subsequently, the District Court granted NYU's motion for summary judgment, noting that the Grossbaums "failed to advance any arguments relating to the statute of limitations as it pertains to the NYU Defendants, other than criticizing [the District Court's] choice of law analysis." App'x A42. The

6

Grossbaums timely appealed.[3]

III.

The Grossbaums raise two arguments on appeal concerning the District Court's orders granting Defendants' motions for summary judgment.[4] First, they argue that the District Court erred by applying New York law, rather than New Jersey law. Second, they argue for the first time that even if New York law does apply, their claims are timely. Specifically, they argue that the 2.5-year statute of limitations in Rule 214-a did not begin to run until March 25, 2005, the date their daughter was born. Thus, they claim, their complaint, filed less than two years after their daughter's birth, was timely. We review these issues *de novo*, applying the same standard as the District Court. *See Doe v. Luzerne Cnty.*, 660 F.3d 169, 174 (3d Cir. 2011).

First, we agree with the District Court that New York law applies. A federal court sitting in diversity applies the forum state's choice-of-law rules. *Gen. Star Nat'l Ins. Co. v. Liberty Mut. Ins. Co.*, 960 F.2d 377, 379 (3d Cir. 1992). If an

---

[3] The District Court had diversity jurisdiction over this matter, pursuant to 28 U.S.C. § 1332. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

[4] The Grossbaums request that, if we reverse the District Court's grant of summary judgment, we also reverse the court's ruling on particular discovery matters. Because we will affirm the judgment of the District Court, we do not reach these arguments.

"actual conflict" exists between the laws of jurisdictions with ties to a case, New Jersey applies the "most significant relationship" test set forth in the Restatement (Second) of Conflict of Laws. *See Lebegern v. Forman*, 471 F.3d 424, 428 (3d Cir. 2006); *P.V. ex rel. T.V. v. Camp Jaycee*, 962 A.2d 453, 459-60 (N.J. 2008). As the District Court found, an actual conflict exists here: Michigan bars all variations of the claims asserted by the Grossbaums, *see* Mich. Comp. Laws Ann. § 600.2971, whereas the New Jersey and New York statutes of limitations for medical malpractice claims differ in both length and the date on which they begin to run, *compare* N.J. Stat. Ann. § 2A:14-2 (two-year statute of limitations), *and Caravaggio v. D'Agostini*, 765 A.2d 182, 189 (N.J. 2001) (holding that the statute of limitations begins to run on the date the alleged malpractice is discovered), *with* N.Y.C.P.L.R. 214-a (30-month statute of limitations running from the act, omission, or failure complained of).

The court also applied the proper legal test for establishing the jurisdiction with the "most significant relationship" to the claims, and considered all of the relevant factors. *See Camp Jaycee*, 962 A.2d at 459-60. Almost all of the relevant events occurred in New York: the Grossbaums initially consulted with NYU in New York, Chaya Grossbaum's eggs were collected and fertilized in New York, NYU spoke with the Grossbaums about the results of the PGD tests in New York, the IVF took place in New York, follow-up consultations during the early stages of

8

pregnancy took place in New York, and the Grossbaums lived in New York throughout the pregnancy. Admittedly, the Grossbaums did stay in New Jersey in the weeks leading up to their daughter's birth, and their daughter was actually born in New Jersey. Nonetheless, we agree with the District Court that the weight of the relevant factors points towards applying New York law.

Second, we conclude that the Grossbaums have waived their argument that their claims are timely under Rule 214-a. "'Absent exceptional circumstances, this Court will not consider issues raised for the first time on appeal.'" *In re Ins. Brokerage Antitrust Litig.*, 579 F.3d 241, 261 (3d Cir. 2009) (quoting *Del. Nation v. Pennsylvania*, 446 F.3d 410, 416 (3d Cir. 2006)). Such a rule is "'essential . . . [so] that litigants may not be surprised on appeal by final decision there of issues upon which they have had no opportunity to introduce evidence.'" *Harris v. City of Phila.*, 35 F.3d 840, 845 (3d Cir. 1994) (quoting *Hormel v. Helvering*, 312 U.S. 552, 556 (1941)).

We may depart from this general rule at our discretion, where "under the circumstances it would be just to do so[.]" *Del. Nation*, 446 F.3d at 416 n.9. For example, we might consider an issue raised for the first time on appeal "where the proper resolution is beyond any doubt, or where injustice might otherwise result." *Singleton v. Wulff*, 428 U.S. 106, 121 (1976) (internal citations and quotation marks omitted). We have also departed from this rule "where there has been an

intervening change in law or the lack of representation by an attorney."[5]  *Del. Nation*, 446 F.3d at 416 n.9.

We see no extraordinary circumstances here that would justify departing from our general rule in this instance.  The Grossbaums made a tactical choice not to respond to Genesis's argument concerning Rule 214-a, and instead to rely completely on their argument against applying New York law.  The District Court gave the Grossbaums a second opportunity to raise an argument regarding Rule 214-a, specifically requesting briefing addressing the argument "that [their] claims fail under New York's statute of limitations[.]"  App'x A40.  Again, they made the tactical decision not to contest this issue, despite a specific request from the District Court.

---

[5] At oral argument, the Grossbaums suggested that there could be no waiver unless they intended to waive the argument.  Such an argument confuses two separate types of waiver.  Certainly, for a criminal defendant to waive a constitutional right, that waiver must be intentional.  *See United States v. Andrews*, 681 F.3d 509, 517 n.4 (3d Cir. 2012) (citing *United States v. Olano*, 507 U.S. 725, 733 (1993)).  Here, the Grossbaums have not waived a constitutional right, but have instead waived an argument by failing to raise that argument before the District Court.  *See Del. Nation*, 446 F.3d at 416 & n.9.  A litigant can waive an argument by failing to raise the issue before the District Court, even if that litigant did not intend to concede the argument.  *See id.* at 416 ("Although the Delaware Nation now contends that it did not *concede* the argument . . . it does not, and cannot, argue that it *raised* the issue before the District Court.  Therefore, the issue is waived." (citation omitted)).  Even if the Grossbaums were correct, however, they intentionally waived their argument here when they were presented with two opportunities to raise the argument before the District Court and declined to do so for strategic reasons.

The Grossbaums' tactical choice may have been unwise, but it does not constitute an exceptional circumstance such that we can overlook their failure to raise the argument before the District Court.  Such a result would be particularly inappropriate here, "where important and complex issues of law are presented[.]" *Frank v. Colt Indus., Inc.*, 910 F.2d 90, 100 (3d Cir. 1990).  We thus hold that the Grossbaums have waived their argument that their claims are timely under Rule 214-a.  Consequently, we will affirm the District Court's conclusion that their claims are untimely under New York law.[6]

IV.

For the foregoing reasons, we will affirm the judgment of the District Court.

---

[6] Because we conclude that the Grossbaums' claims are untimely under New York law, we need not determine the precise nature of the claims presented in the Grossbaums' complaint—i.e., whether they are "wrongful birth" claims or "wrongful life" claims—and whether such claims are cognizable under New York law.  Even if the Grossbaums' claims could be properly characterized as "wrongful life" claims, and even if such claims were cognizable under New York law, the Grossbaums have waived their argument that such claims were timely under Rule 214-a.