**MICHELLE MASO, Appellant/Plaintiff**
**v.**
**YARA MORALES, Appellee/Defendant**

S. Ct. Civil No. 2011-0068
Supreme Court of the Virgin Islands
November 21, 2012

MICHELLE MASO, St. Thomas, USVI, *Pro se*.

HODGE, *Chief Justice*; CABRET, *Associate Justice*; and SWAN, *Associate Justice*.

## OPINION OF THE COURT

(November 21, 2012)

HODGE, *Chief Justice*. Appellant Michelle Maso appeals from a July 26, 2011 Order issued by the Appellate Division of the Superior Court of the Virgin Islands, which affirmed an order issued by the Magistrate Division of the same court on February 26, 2010.[1] For the reasons that follow, we reverse the Superior Court's Order.

### I. STATEMENT OF FACTS AND PROCEDURAL POSTURE

Appellant Michelle S. Maso and Appellee Yara E. Morales were involved in an automobile accident on St. Croix on October 29, 2008. A police officer arrived at the scene to investigate the accident, recorded the parties' insurance information and statements, and issued a police report. (App. 3-9.) The report indicated that, according to Maso, she was stopped at an intersection and Morales hit her when Morales took her eyes off the road. (App. 9.) The police officer cited Morales for negligent driving and for causing the accident. (App. 9.)

Three weeks later, Maso was driving her vehicle when it began to overheat. After she stopped the vehicle, it alit in flames and was

---

[1] The magistrate's order, which was signed on February 10, 2010, was not entered until February 26, 2010.

subsequently totally destroyed by the fire. (App. 34.) Although Maso claims that she is not sure whether her accident with Morales contributed to the fire, she did not pursue any claims against Morales relating to that fire or the subsequent destruction of her vehicle.

In the weeks and months after the accident, Morales apparently failed to file a report or claim with her insurance company. (App. 43-44.) When her insurance company was finally notified of the accident and of Maso's claim for damages, it denied Maso's claim because Morales had breached her contract with the company by failing to promptly report the accident. (App. 14, 33.) The company instructed Maso that her only alternative was to file a small claims action. (App. 33.)

Maso filed a small claims complaint against Morales in the Superior Court on June 9, 2009. (App. 1.) She requested judgment in the amount of $3,249.71, which she described as the cost to repair the harm caused by the accident itself, as well as court costs. With the complaint, Maso filed two estimates she obtained in June 2009 regarding the cost to repair the damage to her car.[2] Because the car had been destroyed three weeks after the accident, the estimates she provided were not based on direct observations of the vehicle or of photographs of the vehicle, but instead were based on Maso's description of the vehicle and of damage to the car from the accident as described in the police officer's accident report. (App. 35.) According to Maso, she gave the body shops that were providing the estimates the car's make and model and the police report in order to generate the estimates. (App. 36.)

On September 1, 2009, the magistrate held a hearing on Maso's complaint. Maso and Morales both appeared and testified. Maso averred that Morales was at fault in causing the accident as Morales admitted to her that she had taken her eyes off the road and did not see Maso's stopped vehicle. (App. 32.) Maso also indicated that when she purchased her car, it was selling for $4,500.00, although because she was friends with the owners, she only paid $3,000.00 for it. (App. 38.) Morales did not challenge the reasonableness of the repair amounts stated in the

---

[2] One estimate concluded that repairs to Maso's vehicle would have cost her $3,249.71 in parts and labor, and the second estimate valued the cost at $3,111.69. (App. 10-13.)

estimates that Maso had submitted in support of her complaint.[3] After hearing from both parties, the magistrate indicated that the matter would be taken under advisement. Approximately five months later, on February 26, 2010, the magistrate issued an order finding that while Morales had admitted fault — either to the officer directly, or, at the very least, when she paid her traffic ticket — "it is impossible to determine an amount of money that would make the Plaintiff whole." (App. 18.) The magistrate noted that there was no evidence that the subsequent incineration was Morales's fault, and "to award the Plaintiff the cost of repairs for a vehicle that no longer exists would be a matter of unjust enrichment to the Plaintiff." (App. 18.)

On March 11, 2010, Maso petitioned the Superior Court's Appellate Division for review of the magistrate's decision. No action was taken on the case for six months until September 14, 2010, when the Appellate Division judge issued a briefing schedule. Maso filed a brief on October 28, 2010, but Morales did not participate in the review proceedings. No action was taken on the case for an additional eight months. Finally, on July 26, 2011, the Appellate Division judge issued an Order affirming the magistrate's decision. The July 26, 2011 Order acknowledged that the magistrate had found that there was no evidence the incineration was Morales's fault, and agreed with the magistrate that to award Maso the cost of repairs would constitute "unjust enrichment." (App. 52-53.) Maso filed a Notice of Appeal on August 31, 2011, initiating this appeal.[4] Morales has not filed a brief or otherwise participated in the appeal.

---

[3] At the hearing, Morales cross-examined Maso (App. 33-37), but did not pose any questions to her directly challenging the reasonableness of the amounts stated in the repair estimates. Morales also did not offer any testimony challenging the reasonableness of those amounts on direct or cross-examination. (App. 39-48.)

[4] Maso's Notice of Appeal was untimely. V.I.S.CT. R. 5 (requiring civil appeals to be filed within thirty days of the date of entry of the judgment or order from which the appeal is taken). On September 23, 2011, this Court requested that the trial court make an "excusable neglect determination." On December 29, 2011, having not yet received a response from the trial court, this Court directed the Superior Court clerk to transmit updated docket entry sheets. Finally, on January 23, 2012, the trial court issued an order requiring Maso to justify her delayed response. Maso did so on January 27, 2012. Months later, on April 3, 2012, the trial court signed an order — which was not issued until April 10, 2012 — concluding that Maso had presented sufficient evidence to support an "excusable neglect" finding. That order was filed with this Court on April 13, 2012. Thereafter, on April 13, 2012, this Court accepted the notice of appeal based on the Superior Court's finding notwithstanding its untimely filing.

## II. DISCUSSION

### A. Jurisdiction and Standard of Review

"The Supreme Court [has] jurisdiction over all appeals arising from final judgments, final decrees or final orders of the Superior Court, or as otherwise provided by law." V.I. CODE ANN. tit. 4 § 32(a) (1997). Because the Superior Court's July 26, 2011 Order was a final order, this Court has jurisdiction. *See, e.g., Matthew v. Herman*, 56 V.I. 674, 677 (V.I. 2012) (stating that a final order is one which disposes of all claims submitted for adjudication). When reviewing decisions of a judge of the Appellate Division of the Superior Court, we typically consider the underlying rulings made by the magistrate only to the extent that they were adopted or affirmed by the judge of the Appellate Division. *Browne v. Gore*, 57 V.I. 445, 453 n. 5 (V.I. 2012); *cf. Welch v. Heckler*, 808 F.2d 264, 266-67 (3d Cir. 1986) (noting that when the Department of Health and Human Services' Appeals Council affirms an Administrative Law Judge, the Third Circuit directly reviews the ALJ's findings, but where the Appeals Council's ruling conflicts with that of the ALJ, only the Appeals Council's ruling would be reviewed as a final decision). In most cases, we will decline to directly review the magistrate's rulings, out of consideration for the "unique relationship" between the Magistrate and Appellate Divisions of the Superior Court, and traditional appellate practices. *Browne*, 57 V.I. at 453 n. 5.[5]

### B. Whether Maso is Entitled to Damages

█ The Superior Court denied any relief to Maso, aside from court costs, because it stated that awarding her the cost of repairing a car that no longer exists would constitute "unjust enrichment."[6,7] Because the

---

[5] However, when we apply the same standard as the judge of the Appellate Division, we may exercise our discretion and, in the interests of judicial economy, look past the Appellate Division judge's decision and directly review the magistrate's rulings. *Browne*, 57 V.I. at 453 n. 5.

[6] It is notable that, although the court concluded that Maso was not entitled to any damages, it did award her court costs, which are generally only available to prevailing parties. 5 V.I.C. § 541. *See Terrell v. Coral World*, 55 V.I. 580, 583-84 (V.I. 2011) (noting that section 541 governs costs to the "prevailing party").

[7] The magistrate and judge each also indicated that Morales was not at fault for the subsequent destruction of Maso's vehicle. (App. 18, 52.) However, Maso never made a claim

Superior Court appeared to conclude that a damages award is always unavailable under these circumstances, the Order will be reversed. Neither the Appellate Division judge, nor the magistrate whose decision the judge was affirming, cited any authority for the proposition that a claimant must still possess the personal property for which she is asserting a claim of damages in order to recover property damages. Considering the purposes and principles underlying damages awards, we find this proposition to be contrary to the law, and we hold that plaintiffs may obtain damages even if they no longer possess the subject property as the result of some supervening act that destroys the property.

██ Damages are awarded:

(a) To give compensation, indemnity or restitution for harms;

(b) To determine rights;

(c) To punish wrongdoers and deter wrongful conduct; and

(d) To vindicate parties and deter retaliation or violent and unlawful self-help.

RESTATEMENT (SECOND) OF TORTS § 901 (1979).[8] These purposes form the basis for the rules for determining the measure of damages in tort. *Id.* Even where a claimant no longer possesses the property, a damages award serves to accomplish many of these goals. For instance, the damages award could deter the defendant from future wrongful conduct, and may vindicate the plaintiff's rights such that she avoids engaging in self-help. *See Schwartz v. Hasty*, 175 S.W.3d 621, 626 (Ky. Ct. App. 2005) ("[U]nless the tortfeasor is required to pay the full extent of the damages caused, the deterrent purposes of tort liability will be undermined"). Therefore, permitting a recovery of damages even where the property no longer exists satisfies the purposes of such awards. *Id.*

██ Furthermore, the value of such an award is not impossible to ascertain. As the Restatement provides,

---

against Morales based on the fire or the damage it caused. Therefore, to the extent that this finding played any role in the orders below — and it is not clear to what extent, if any, it did play such a role — the rulings also require reversal.

[8] In the absence of a local law on the subject, or binding case law, Section 4 of Title 1 provides that the Restatements of Law shall be the rules of decision applied by the courts. 1 V.I.C. § 4. *See also Banks v. Int'l Rental & Leasing Corp.*, 55 V.I. 967, 980 (V.I. 2011) (indicating that this Court may create common law rules, and, therefore, this Court is not bound by the Restatements).

When one is entitled to a judgment for harm to chattels not amounting to a total destruction in value, the damages include compensation for

 (a) The difference between the value of the chattel before the harm and the value after the harm, or, at his election in an appropriate case, the reasonable cost of repair or restoration, with due allowance for any difference between the original value and the value after repairs, and

 (b) The loss of use.

RESTATEMENT (SECOND) OF TORTS § 928. Consequently, a plaintiff could provide evidence of the value of her property before it was harmed, and after, and the difference would constitute her damages award. Alternatively, at her election, she could provide evidence of the cost to repair the property. *See Int'l Rental & Leasing Corp. v. McClean*, 303 F. Supp. 2d 573, 577 (D.V.I. App. Div. 2004) ("While the trial court may reduce damages or choose to not award damages if the plaintiff's estimate is unsupported or inaccurate, the trial court may not completely reject compensatory damages simply because the plaintiff chose one reasonable means of estimating damages instead of another."). This evidence does not require that at the time of the litigation, the plaintiff still possess the property; the evidence could be acquired before the plaintiff loses, sells, destroys, or otherwise becomes dispossessed of it. The subsequent destruction of property will not bar recovery in every case.[9] *See Rafal v. Rafal*, 41 Del. Ch. 434, 198 A.2d 177, 178-79

---

[9] Indeed, there is no extant authority for the proposition that a claimant's property must not be subsequently destroyed in order for her to succeed on a claim for damages, or to establish the value of that damage. The judges' contrary interpretation of the law of unjust enrichment in this case must be expressly rejected. Typically invoked in breach of contract or quasi-contract suits, unjust enrichment is defined as the "retention of a benefit conferred by another, without offering compensation in circumstances where compensation is reasonably expected." *Peppertree Terrace v. Williams*, 52 V.I. 225, 242 (V.I. 2009) (Swan, J., concurring) (citing BLACK'S LAW DICTIONARY 1573 (8th ed. 2004)). "One is not unjustly enriched by receipt of that to which he is legally entitled." *Smith v. Whitener*, 42 Ark. App. 225, 856 S.W.2d 328, 329 (1993) (citing *Merchants & Planters Bank & Trust Co. v. Massey*, 302 Ark. 421, 790 S.W.2d 889 (1990)). "To find unjust enrichment, a party must have received something of value to which he is not entitled and which he should restore." *Id.* Awarding Maso damages for the cost of repairing her car where the car was subsequently destroyed does not meet this definition. The magistrate found that Morales's negligence caused the accident, creating a legal right to recovery. There can be no unjust enrichment where the person enriched is legally entitled to the enrichment.

(1964) (in a divorce proceeding in which the wife was alleged to have impermissibly taken her spouse's property, stating that the subsequent destruction of the property by fire prevented the court "from having specific evidence as to the condition of the property at the time it was taken," but did not deprive the claimant of damages, because "[t]he court must do the best it can").

Deciding that a plaintiff *could* succeed on a damages claim even where the property was subsequently destroyed by an independent act does not entirely resolve Maso's case. Maso must have established the value of the loss she suffered. However, she need not establish this value to an exactitude. *See* RESTATEMENT (SECOND) OF TORTS § 912 ("One to whom another has tortuously caused harm is entitled to compensatory damages for the harm if, but only if, he establishes by proof the extent of the harm and the amount of money representing adequate compensation *with as much certainty as the nature of the tort and circumstances permit.*" (emphasis added)); *see also Holmes v. Freeman*, 23 Conn. Supp. 504, 1 Conn. Cir. Ct. 336, 185 A.2d 88, 91 (1962) ("Where from the nature of the case the amount of damages cannot be proven with exactitude, all that can be required is that the evidence, with such certainty as the nature of the case may permit, lay a foundation which will enable the trier to make a fair and reasonable estimate."); *see generally Dado v. Jeeninga*, 743 N.E.2d 291, 296 (Ind. Ct. App. 2001) (interpreting the Restatement, among other authorities, and noting the general rule that once a plaintiff provides evidence of repair costs, the defendant bears the burden of establishing that such an award would "yield a windfall").

Here, Maso attempted to establish her damages by providing estimates from body shops, estimates which were based not on any direct observation of the vehicle, but on the damages described by the police officer in his report and on her descriptions of the vehicle. There is no dispute that the accident occurred and caused damage to Maso's vehicle; the police officer observed and recorded the damage and Morales admitted to observing some damage to Maso's vehicle. (App. 46.) In addition, Morales was presented with ample opportunity to challenge the reasonableness of Maso's damages estimate based on the repair estimates that she had obtained and submitted to the magistrate in support of her complaint, but Morales failed to avail herself of that opportunity at the September 1, 2009 hearing. As earlier noted, Maso was not required to establish her damages to an "exactitude"; instead, she was required to

prove her damages with "as much certainty as the nature of the tort and circumstances permit." RESTATEMENT (SECOND) OF TORTS § 912. While the determination of the correct value of the damages may be a difficult judicial task, it is nonetheless one that the court must undertake.[10] *See* SUPER. CT. R. 64 (requiring small claims cases to be tried in a manner to "do substantial justice between the parties"). What is clear, however, is that a claimant is not deprived of the right to property damages simply because the property is subsequently destroyed.

## CONCLUSION

Because the Superior Court erroneously concluded that Maso was barred from recovering any damages due to the subsequent, independent destruction of her vehicle, we will reverse the Superior Court's July 26, 2011 Order and remand the case for proceedings consistent with this Opinion.[11]

---

[10] Of course, in estimating a claimant's damages the court must be guided by the substantive law of torts. For example, a claimant generally may not receive in damages the cost of repair if such cost exceeds the value of the property before the accident. RESTATEMENT (SECOND) OF TORTS § 928.

[11] We urge the Superior Court to address this matter in a timely fashion, as significant delays have already impeded the resolution of this small claims case for more than three years.