# WALTER GARDINER, M.D., d/b/a V.I. KIDNEY CENTER, Appellant/Defendant
## v.
# JEWEL DIAZ, Appellee/Plaintiff

S. Ct. Civil No. 2012-0022

Supreme Court of the Virgin Islands

January 2, 2013

NATALIE NELSON TANG HOW, ESQ., Law Office of Natalie Nelson, PLLC, St. Croix, USVI, *Attorney for Appellant.*

HODGE, *Chief Justice*; CABRET, *Associate Justice*; and SWAN, *Associate Justice*.

## OPINION OF THE COURT

(January 2, 2013)

HODGE, *Chief Justice*. Appellant Walter Gardiner, M.D., challenges a decision by the Appellate Division of the Superior Court affirming a magistrate's ruling in favor of Appellee Jewel Diaz. Gardiner argues that he was not permitted to raise a counterclaim in the proceedings below. Because this Court finds that he had an adequate opportunity to present his counterclaim before the magistrate but failed to do so, we will affirm the February 1, 2012 Appellate Division decision.

## I. STATEMENT OF FACTS AND PROCEDURAL POSTURE

Dr. Walter Gardiner operates the V.I. Kidney Center. In November 2005, Appellee Jewel Diaz applied for a position with the Center as a Patient Care Technician. (J.A. 21-22.) She was hired, and Gardiner maintains that she was then provided with extensive training to prepare her for the position, at a cost of $5,000 to the Center. After eight months, Diaz left her employment for reasons not relevant to this appeal. Diaz then brought a Department of Labor claim against Gardiner for unpaid overtime pay. She alleged that she often worked 100 hours a week, but never received overtime pay. The Department of Labor's Labor Relations Division requested Diaz's employment records from Gardiner and ultimately ruled in Diaz's favor, determining that Gardiner owed her $915.88 in overtime wages. (J.A. 18-20.)

To enforce the Department's order, Diaz filed suit against the Center in the Superior Court's Small Claims Division on August 18, 2008. (J.A. 14.) Gardiner did not file a written answer or a counterclaim in response. The Small Claims Division held three hearings over the course of the next two years. In its first hearing, on February 10, 2009, both Gardiner and Diaz appeared before the trial judge and Diaz explained the basis for her claims. (J.A. 35-45.) Once Diaz explained that she had already received a favorable ruling from the Department of Labor, the trial judge focused on whether the Small Claims Division had jurisdiction to enforce the Department of Labor's order. (*Id.*) The court did not address the merits of Diaz's claim or any defense or claim that could be raised by Gardiner at that hearing, and continued the case without a date. (*Id.*)

At the next hearing, on August 25, 2009, the matter was heard by a magistrate. Diaz again explained the basis of her suit. She also reiterated that the Department of Labor had closed her case and had told her to come to the Superior Court to enforce the Department's ruling. In response, Gardiner indicated that he had filed an appeal with the Department of Labor. (J.A. 52.) The magistrate questioned Diane Tutein, a representative from the Department, about the status of the matter at the Department. Tutein indicated she was not sufficiently familiar with the case to know whether Gardiner had indeed filed an appeal,[1] but as far as she knew the status of the matter was closed. (J.A. 56.) The magistrate also inquired of Yasmine Maynard, a compliance officer with the Department of Labor. (J.A. 62.) Maynard indicated that she knew of the appeal, but did not know what the Deputy Commissioner had done with the appeal, or what was the current status of the matter. The magistrate determined that "it would be inappropriate for [the court] to assume jurisdiction in the matter if the Department of Labor decides tomorrow that they want to entertain [Gardiner's] appeal and make a different decision," so the court continued the matter to allow the Department of Labor to administratively close the case. (J.A. 66.)

The court held its third and final hearing on September 22, 2009. (J.A. 71-83.) Prior to the final hearing, the magistrate requested and read the entire file from the Department of Labor. At the hearing, Tutein testified a second time, and indicated that Gardiner had raised certain objections in

---

[1] Indeed, she testified that she did not know what the Department's procedures would be for such an appeal, because no one had ever requested one. (J.A. 57.)

his appeal to the Department of Labor, suggesting that the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), preempted the Virgin Islands statutes governing overtime pay. Specifically, Gardiner had argued in the Department of Labor proceedings that because the FLSA provides for overtime only when a worker's entire workweek exceeds forty hours, whereas the local law permits overtime pay whenever any single workday exceeds eight hours, the local provisions were preempted and so the Department should calculate any monies due to Diaz under the provisions of the FLSA. The Department disagreed and ultimately ruled in Diaz's favor. Gardiner indicated at the September 22, 2009 hearing that he had been handed a letter from the Department just before the hearing, resolving the claim in favor of Diaz, but had not had time to review it, and wanted to consult with his attorney. (J.A. 75-76.) The magistrate indicated that she could continue the matter, but emphasized that it would be expensive and time-consuming for Gardiner to keep returning for continued hearings. (J.A. 79-80.) She then questioned whether he would be willing to mediate with Diaz. (*Id.*) Gardiner stated that while he agreed it would not be convenient for him to return, "[t]here's a principle here, and principle sometimes outweigh[s] money." (J.A. 80.) The magistrate then directed Diaz and Gardiner to begin mediation with the assistance of her law clerk. (J.A. 81-82.)

There is no record of the outcome of the mediation and, apparently, no further hearing was held. On October 9, 2009, the magistrate issued a Judgment[2] discussing Diaz's contention that she was owed $915.88 in overtime pay under local law, and addressing the argument Gardiner presented to the Department of Labor — but never directly presented to the Small Claims court — that the Fair Labor Standards Act preempts the local law. Deciding that the local law is not preempted, the magistrate entered judgment for Diaz for $915.88 plus $40.00 in court costs.

Gardiner filed a Petition for Review with the Appellate Division of the Superior Court on October 23, 2009. Four months later, on February 22, 2010, the Appellate Division judge issued a briefing schedule. Gardiner, represented by counsel, filed his brief on May 4, 2011. The brief[3] focused exclusively on Gardiner's argument that he was entitled to a refund of his

---

[2] The Judgment is dated October 8, 2009, but it was entered and issued on October 9, 2009.

[3] Gardiner did not initially include the brief in the Appendix he filed with this Court. However, we directed the Superior Court to transmit the Appellate Division brief to this Court,

initial $5,000 investment in Diaz's training, according to an alleged agreement that he had with Diaz. In his brief, he argued that he was never provided with an opportunity to raise this argument during the three hearings before the magistrate because those hearings focused exclusively on the status of the Department of Labor proceedings. (Petr's App. Div. Br. 6.)

The Appellate Division issued its ruling on February 1, 2012.[4] The Order affirmed the magistrate's judgment, and concluded that the Fair Labor Standards Act did not preempt the local overtime law. (J.A. 12-13.) It did not address Gardiner's contention that he was denied the opportunity below to present a counterclaim concerning a claimed right to reimbursement for the Center's investment in training Diaz. Gardiner filed his appeal of the Order on March 8, 2012. Diaz has not participated in the appeal.

## II. DISCUSSION

### A. Jurisdiction and Standard of Review

"The Supreme Court [has] jurisdiction over all appeals arising from final judgments, final decrees or final orders of the Superior Court, or as otherwise provided by law." V.I. CODE ANN. tit. 4 § 32(a). Because the Superior Court Appellate Division's February 1, 2012 Order disposed of all of the claims properly submitted for its adjudication, it was a final order from which an appeal lies. See Maso v. Morales, 57 V.I. 627, 632 (V.I. Nov. 21, 2012) (citing Matthew v. Herman, 56 V.I. 674, 677 (V.I. 2012)).

■■ Before the Court considers the merits of the appeal, we must determine whether Gardiner's appeal is timely. The trial court's Order affirming the magistrate's Judgment is dated January 27, 2012, but it was not entered until February 1, 2012. Supreme Court Rule 5(a)(1) states that notices of appeal in civil cases "shall be filed . . . within thirty days after the date of entry of the judgment or order appealed from," V.I.S.CT.R. 5(a)(1), and Rule 16(b) excludes the day of the event when computing

which it did on August 10, 2012. References to the brief presented to the Appellate Division will be cited herein as "Petr's App. Div. Br."

[4] Although the court signed the order on January 27, 2012, it was not entered and issued until February 1, 2012.

time periods, V.I.S.Ct.R. 16(b). Consequently, Gardiner's Notice of Appeal should have been filed on or before Friday, March 2, 2012. However, he did not file it until March 8, 2012. Gardiner appears to contend that the late-filed Notice of Appeal is nonetheless valid because he was not served with the court's Order until February 8, 2012. But nothing in the Rules of this Court specifically permits a late-filed appeal simply because a person was not served with the underlying order until some date after its entry. *Cf. Bryan v. Gov't of the V.I.*, 56 V.I. 451, 455-56 (V.I. 2012) (declining to decide whether a lack of notice tolls the filing period). Nonetheless, the Court's timelines for filing are case-processing rules and may, therefore, be waived by an opposing party's failure to object. *Id.* (noting that Rule 5(a) is not jurisdictional, and a party's failure to object to an untimely Notice of Appeal may result in waiver of that objection). This is just such a case, as Diaz has not participated in any way during the appeal. Furthermore, Diaz would suffer no perceptible prejudice from a waiver of Rule (5)(a)(1). Consequently, despite the late-filed Notice, the Court will proceed to consider the merits.

The standard of review for this Court's examination of the Superior Court's application of law is plenary, while the Superior Court's findings of fact are reviewed for clear error. *St. Thomas-St. John Bd. of Elections v. Daniel*, 49 V.I. 322, 329 (V.I. 2007).

When reviewing decisions of the Appellate Division of the Superior Court, we typically consider the underlying rulings made by the magistrate only to the extent that they were adopted or affirmed by the Appellate Division of the Superior Court. *Maso*, 57 V.I. at 632; *Browne v. Gore*, 57 V.I. 445, 453 n.5 (V.I. 2012); *cf. Welch v. Heckler*, 808 F.2d 264, 266-67 (3d Cir. 1986) (noting that when the Department of Health and Human Services' Appeals Council affirms an Administrative Law Judge, the Third Circuit directly reviews the ALJ's findings, but where the Appeals Council's ruling conflicts with that of the ALJ, only the Appeals Council's ruling would be reviewed as a final decision). In most cases, we will decline to review directly the magistrate's rulings out of consideration for the "unique relationship" between the Magistrate and Appellate Divisions of the Superior Court, and traditional appellate practices. *Maso*, 57 V.I. at 632; *Browne*, 57 V.I. at 453 n.5 However, when we apply the same standard as the Appellate Division, we may, in the interests of judicial economy, look past the Appellate Division's decision and directly review the magistrate's rulings. *Id.* In this case, the Appellate

Division of the Superior Court applies the same general standard as this Court does when conducting appellate review: factual determinations are reviewed for "clear error" and legal issues under a "plenary review" standard. *Compare* SUPER. CT. R. 322.3 *and Daniel*, 49 V.I. at 329. Furthermore, because it is apparent from the record that Gardiner's claim to the Appellate Division of the Superior Court, and to this Court, lacks merit, the interests of judicial economy are best served by our direct review of the proceedings before the magistrate.

## B. The Appellate Division's Decision

As discussed above, the Superior Court Appellate Division's Order affirming the magistrate's Judgment focused entirely on the question of whether the Fair Labor Standards Act preempts the local law governing overtime pay. At no time did the Appellate Division judge address the arguments pertaining to Gardiner's counterclaim that were raised in his brief. Gardiner argued that he was entitled to restitution in the amount of $5,000 because he had an agreement with Diaz that if she did not remain in Gardiner's employ for eighteen months, she would reimburse him for the cost of her training and certification as a Patient Care Technician. (Petr's App. Div. Br. 3.) He further stated that he never had an opportunity to present this counterclaim to the magistrate, because each of the hearings before the magistrate focused exclusively on the status of the proceedings before the Department of Labor. (Petr's App. Div. Br. 6.)

However, contrary to Gardiner's contentions, the court did not err when it declined to address the arguments he raised in his brief on review.[5] Pursuant to the Rules governing review petitions, the Appellate Division of the Superior Court is entitled to confine its review to the "record as developed before the magistrate." SUPER. CT. R. 322.3(a). That record reveals that Gardiner had an adequate opportunity to raise his

---

[5] Although we do not find — under the particular circumstances of this case — that the reviewing court below erred when it failed to address Gardiner's argument that he had no opportunity to raise his counterclaim before the Magistrate, we nonetheless emphasize that the Appellate Division of the Superior Court should, as a routine matter, address the arguments raised before it in the parties' briefs. If the Appellate Division determines that an appellant has waived any of the arguments raised in the brief, it should so indicate. Nonetheless, although it would generally be error for the Appellate Division of the Superior Court to fail to address the arguments raised in the brief on review, Gardiner's waiver of his counterclaim before the Magistrate compels us to affirm the February 1, 2012 Order.

counterclaim before the magistrate. First, after Diaz filed her Complaint, Gardiner could have filed a written answer with a counterclaim. While the Superior Court Rules do not *require* counterclaims to be written,[6] nothing prevented Gardiner from filing a written counterclaim at the outset of the case. Second, Gardiner had a number of opportunities to argue his counterclaim to the court: he had not one, but three separate appearances before a judge and the magistrate, but never mentioned any such counterclaim. While it is evident that the hearings largely focused on the proceedings before the Department of Labor, there is nothing in the record to suggest that the judge or magistrate in any way prevented Gardiner from orally raising his counterclaim at any of the hearings. The court entertained every argument presented by Gardiner, including his pending appeal to the Department of Labor, the lack of timely notice of the decision of the Department of Labor appeal, and the propriety of delaying the small claims proceeding or pursuing mediation instead. Furthermore, after he completed an apparently unsuccessful mediation with Diaz, Gardiner could have filed a written counterclaim to ensure that his claims for reimbursement were heard and considered by the court before it issued its judgment. Moreover, there was nothing to prevent Gardiner from filing his own separate small claims action for the $5,000 he claimed Diaz owed him. *See* 4 V.I.C. § 112(a) (providing the Small Claims Division with concurrent jurisdiction for civil actions with an amount in controversy of $10,000 or less).[7]

---

[6] Rule 62(b) of the Rules of the Superior Court states that in Small Claims actions, counterclaims and defenses need not be in writing, unless — in an exercise of her discretion — the magistrate requires them to be written.

[7] Gardiner argues that this Court should nonetheless address his arguments because "[t]he circumstances of this matter are so exceptional that without such consideration injustice will necessarily result." (Appellant's Br. 9.) We have previously held that "where exceptional circumstances are shown to exist," we may reach an issue presented for the first time on appeal. *V.I. Port Auth. v. Joseph*, 49 V.I. 424, 428 (V.I. 2008) (citing *Brown v. Philip Morris, Inc.*, 250 F.3d 789, 799 (3d Cir. 2001)). However, Gardiner's case does not present such exceptional circumstances. *See Etienne v. Etienne*, 56 V.I. 686, 691-92 (V.I. 2012) (rejecting arguments as waived where circumstances were not exceptional and the arguments could have been raised at the trial level); *Grossbaum v. Genesis Genetics Inst. LLC*, 489 Fed. Appx. 613, 617 (3d Cir. 2012) (not finding exceptional circumstances where a party did not raise an issue before the district court despite ample opportunity to do so). Declining to reach Gardiner's contractual counterclaim is particularly appropriate because the failure to raise the issue in the first instance prevented the "necessary evidentiary development" at the trial level. *See Barefoot Architect, Inc. v. Bunge*, 632 F.3d 822, 835, 54 V.I. 948 (3d Cir. 2011)

■ Because Gardiner had an opportunity to raise his counterclaim before the magistrate — but failed to do so — we consider the matter waived. V.I.S.CT.R. 4(h); *cf. Bacon v. McGarry*, 71 Fed. Appx. 19, 21 (10th Cir. 2003) (considering objections to a magistrate's recommendations that were not raised before the magistrate to be waived, and noting that the exception to this rule — authorizing consideration of new objections where the ends of justice so require — was not applicable) (citing *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996)). For these reasons, the Court will affirm the trial court's order.[8]

## III. CONCLUSION

The Appellate Division was entitled to confine its review to the record developed before the magistrate. Because Gardiner had an adequate opportunity to present his counterclaim for reimbursement to the magistrate, but failed to do so, he has waived that claim in these proceedings. Therefore, the Court will affirm the trial court's February 1, 2012 Order.

---

(holding that one of the purposes served by the waiver rule is to ensure that "necessary evidentiary development occurs in the trial court.").

[8] Because Gardiner did not argue before this Court or the Appellate Division the claim that the Federal Labor Standards Act preempts the local law regarding overtime, we will not address it.